## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, | |
| Plaintiff, | Case No: 21-cv-1956 |
| v. | Judge: Hon. Thomas Durkin |
| THE CITY OF CHICAGO and CHICAGO POLICE OFFICER BURROW (# unknown), | Mag. Judge: Hon. Jeffrey Cole |
| Defendants. | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff Desiree Hollis, by and through her undersigned counsel at First Defense Legal Aid, and pursuant to Federal Rules of Civil Procedure, brings this Motion for Leave to File an Amended Complaint, and in support states as follows:

1. On April 12, 2021, Plaintiff Desiree Hollis filed a Complaint in this Matter. Dkt. 1.

2. While Defendant City of Chicago has been served, service is incomplete upon the Individual Defendant, and, according to both counsel for the city and the Chicago Police Department, more information is needed to properly serve him.

3. Plaintiff Desiree Hollis is seeking leave to file a First Amended Complaint (attached to this Motion as **Exhibit A**) to correct the spelling of the

Individual Defendant's name in order to help facilitate service upon him and assist generally in the expeditious resolution of this matter.

4. Under FRCP 15(a)(2), a party may amend its pleadings before trial with leave of court and "the court should freely give leave where justice so requires."

5. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.

6. This is the first time Plaintiff has sought leave to amend her pleadings.

7. This motion is not brought for any improper purpose, nor will Defendants be prejudiced by it should it be granted.

8. On May 20, 2021, Plaintiff reached out to counsel for Defendant City, who indicated on May 21, 2021 that they do not object to amendment.

WHEREFORE, for the reasons stated above, Plaintiff Desiree Hollis respectfully requests this Honorable Court grant leave to file the attached First Amended Complaint.

Respectfully submitted,

/s/Daniel Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 336 575 6968
E: daniel@first-defense.org

## CERTIFICATE OF SERVICE

I, Daniel Massoglia, an attorney, hereby certify that a copy of ***Plaintiff's Motion for Leave to File a First Amended Complaint*** was filed before 11:59pm on 5/21/20 using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case. A copy of this motion was also transmitted via email to counsel for Defendant City, who reached out to Plaintiff's counsel by email on 5/20/21 prior to filing any appearances.

Respectfully submitted,

Daniel Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, | |
| Plaintiff, | Case No: 21-cv-1956 |
| v. | Judge: Hon. Thomas Durkin |
| THE CITY OF CHICAGO and CHICAGO POLICE OFFICER IOAN BOERIU (# unknown), | Mag. Judge: Hon. Jeffrey Cole |
| Defendants. | **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff DESIREE HOLLIS, by and through her undersigned attorneys at First Defense Legal Aid, files this First Amended Complaint against Defendants CITY OF CHICAGO and CHICAGO POLICE OFFICER IOAN BOERIU (# unknown), and in support thereof states the following:

### INTRODUCTION

1.    This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

2.    On April 13, 2019, PLAINTIFF DESIREE HOLLIS, while in custody at the Chicago Police 6th District station, was the victim of a vicious, unjustified attack by DEFENDANT OFFICER IOAN BOERIU.

3.     While HOLLIS was in handcuffs waiting to I-bond out for a minor criminal charge, DEFENDANT OFFICER BOERIU punched her in the face and subsequently grabbed her right leg, wrenching it and applying pressure on her kneecap to the point that HOLLIS and another police officer observing believed that BOERIU would break her leg.

4.     HOLLIS was taken to the hospital the day of the attack by police, where she was mocked by officers from the department's Internal Affairs Division, and was subsequently released on an I-bond and forced to walk home because police seized her keys, vehicle, and wallet.

5.     HOLLIS was pregnant at the time and she now seeks justice.

## JURISDICTION AND VENUE

6.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

7.     Venue is appropriate under 28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

8.     Plaintiff DESIREE HOLLIS ("PLAINTIFF or "HOLLIS") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

2

9.     Defendant CITY OF CHICAGO is, and at all times mentioned herein, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was at all times material to this Complaint the employer and principal of the Individual Defendant.

10.     DEFENDANT OFFICER IOAN BOERIU was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer. At the time of the complained of events, he was a white male of large weight and average height with a bald head, and then carried the rank of Sergeant or above. Upon information and belief, he was based out of and assigned to the Chicago Police Department's 6th District on the day of the complained of events.

11.     At all times relevant herein, BOERIU was acting in the scope of his employment and under color of state law.

12.     DEFENDANT OFFICER BOERIU is sued in his individual capacity.

<u>FACTS</u>

13.     Early in the morning of April 13, 2019, Chicago police seized and arrested PLAINTIFF DESIREE HOLLIS on 87th Street in Chicago for allegedly resisting arrest/obstructing a peace officer.

14.     After her arrest, police took HOLLIS to the 6th District police station, and several hours passed without her being given an I-bond. An attorney visited her during her detention, who told her that she would receive an I-bond and be released in the morning.

15.     HOLLIS was left handcuffed to a bench alone in a holding cell separate from the District's main lockup, upon information and belief a cell normally reserved for holding juvenile detainees.

16.     HOLLIS, after falling asleep in the holding cell, woke to see the sun up, and became alarmed because she had not yet been released as she was counseled would be the case by the attorney who visited her at the station.

17.     HOLLIS, in a state of distress and alarm, informed Chicago Police Officers that she needed to go to a hospital.

18.     HOLLIS ripped her shirt and attempted to tie it around her neck. Approximately five to six Officers entered the cell, prevented PLAINTIFF from harming herself, and re-fastened her handcuffs.

19.     Once officers re-fastened her handcuffs, DEFENDANT OFFICER BOERIU struck HOLLIS in the face with his fist. He subsequently grabbed her leg and began applying significant pressure, forcing her knee into an unnatural position, causing great pain and causing HOLLIS to fear that her leg would break.

20.     At this point, a Black male officer, who, upon information and belief was of high rank within the department, said to BOERIU, "Sergeant Boeriu, STOP, you're going to break her leg!"

4

21.     HOLLIS was not suspected of a serious crime, a danger to officer BOERIU or any other officer, attempting to flee custody, or resisting arrest at the time BOERIU punched her in the face and attempted to break her leg.

22.     HOLLIS, who was in handcuffs and pregnant, posed no threat to BOERIU at the time he attacked her.

23.     Following the attack, HOLLIS was transported by police to St. Bernard Hospital for treatment, where she was mocked by members of Chicago Police Internal Affairs Division who were there to document the event.

24.     HOLLIS was eventually released on an I-bond, and, because police had seized her car, keys, wallet, and other items, walked home.

25.     HOLLIS sought further treatment in days following the attack from the University of Illinois at Chicago Health System.

26.     As a direct and proximate cause of BOERIU's actions, HOLLIS suffered damages including but not limited to medical bills, pain and suffering, mental anguish, emotional distress, and humiliation.

<u>COUNT I: 42 U.S.C. §1983 - Excessive Force</u>
Against Defendant Officer Boeriu
(Federal Claim)

27.     PLAINTIFF realleges paragraphs 1-26 as though fully set forth above.

28.     DEFENDANT OFFICER BOERIU punched PLAINTIFF in the face and bent her leg backwards in an attempt to cause serious physical harm and disfigurement.

29.     PLAINTIFF was unarmed and posed no threat to DEFENDANT at the time of this use of force, was not resisting DEFENDANT or committing any other crime at the time of this use of force, was not suspected of a serious crime at the time of this use of force, and was not attempting to flee at the time of this use of force. She was handcuffed in a holding cell pursuant to a resisting/obstructing charge, in a room separate from the primary lockup, and in the middle of a heavily staffed police station at the time of the attack.

30.     BOERIU's actions constituted unreasonable and excessive force in violation of PLAINTIFF's Fourth Amendment rights.

31.     The actions of DEFENDANT directly and proximately caused PLAINTIFF's injuries, including pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

32.     The misconduct described in his Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for PLAINTIFF's rights and safety.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in her favor, and against DEFENDANT OFFICER BOERIU, for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems just and equitable.

COUNT II: 745 ILCS 10/9-102 - Indemnification
Against Defendant City of Chicago
(State Law Claim)

33.     PLAINTIFF realleges paragraphs 1-26 as though fully set forth herein.

34.     Defendant CITY OF CHICAGO is the employer of OFFICER BOERIU.

35.     BOERIU committed the above-alleged acts under color of law and in the scope of his duties and employment with the CITY OF CHICAGO.

36.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

37.     As a direct and proximate cause of BOERIU's unlawful acts, which occurred within the scope of his employment activities, PLAINTIFF was damaged, including pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in her favor, and against DEFENDANT CITY OF CHICAGO, for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems just and equitable.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

Brittany Shaw (#6333347)                          <u>/s/Daniel E. Massoglia</u>
Daniel Massoglia (#6317393)
First Defense Legal Aid                           *One of Plaintiff's Attorneys*
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: brittany@first-defense.org
E: daniel@first-defense.org