## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DESIREE HOLLIS, | ) | |
| | ) | Case No. 21 C 1956 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Thomas Durkin |
| v. | ) | |
| | ) | Mag. Judge: Hon. Jeffrey Cole |
| THE CITY OF CHICAGO and CHICAGO | ) | |
| POLICE OFFICER IOAN BOERIU | ) | |
| (#UNKNOWN), | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF DESIREE HOLLIS'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants City of Chicago, (hereinafter "Defendant City"), and Officer Ioan Boeriu (hereinafter "Defendant Boeriu"), collectively "Defendants," by and through one of their attorneys, Emily R. Bammel, Assistant Corporation Counsel, for their Answer to Plaintiff's First Amended Complaint, state as follows:

### INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**ANSWER:    Defendants admit Plaintiff purports to bring this action for money damages under 42 U.S.C. § 1983. Defendants deny any allegation of wrongdoing or other misconduct alleged herein.**

2.      On April 13, 2019, PLAINTIFF DESIREE HOLLIS, while in custody at the Chicago Police 6th District station, was the victim of a vicious, unjustified attack by DEFENDANT OFFICER IOAN BOERIU.

**ANSWER:    Defendants deny the allegation in this paragraph.**

3.      While HOLLIS was in handcuffs waiting to I-bond out for a minor criminal charge, DEFENDANT OFFICER BOERIU punched her in the face and subsequently grabbed her right leg, wrenching it and applying pressure on her kneecap to the point that HOLLIS and another police officer observing believed that BOERIU would break her leg.

1

**ANSWER:     Defendants deny the allegations contained in this paragraph**.

4.     HOLLIS was taken to the hospital the day of the attack by police, where she was mocked by officers from the department's Internal Affairs Division and was subsequently released on an I-bond and forced to walk home because police seized her keys, vehicle, and wallet.

**ANSWER:     Defendant City admits Plaintiff's vehicle was impounded and that Plaintiff was transported to the hospital and released on an I-bond. Defendant City lacks knowledge sufficient to form a basis of truth as to the remainder of the allegations in this paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

5.     HOLLIS was pregnant at the time and she now seeks justice.

**ANSWER:     Defendants lack knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

## JURISDICTION AND VENUE

6.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

**ANSWER:     Defendants admit this Court has jurisdiction of this action, but deny any allegation of wrongdoing or other misconduct alleged herein.**

7.     Venue is appropriate under 28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

**ANSWER:     Defendants admit that venue is proper, but deny any allegation of wrongdoing or other misconduct alleged herein.**

## PARTIES

8.     Plaintiff DESIREE HOLLIS ("PLAINTIFF or "HOLLIS") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

**ANSWER:     Defendants lack knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

9.     Defendant CITY OF CHICAGO is, and at all times mentioned herein, a municipality organized and operating under the statutes of the State of Illinois. It is authorized

under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was at all times material to this Complaint the employer and principal of the Individual Defendant.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

10.     DEFENDANT OFFICER IOAN BOERIU was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer. At the time of the complained of events, he was a white male of large weight and average height with a bald head, and then carried the rank of Sergeant or above. Upon information and belief, he was based out of and assigned to the Chicago Police Department's 6th District on the day of the complained of events.

**ANSWER:     Defendants admit that on the date alleged in the Complaint, Defendant Boeriu was a duly appointed and sworn law enforcement officer of the City of Chicago Police Department, assigned to the 6th District, and is a white male. Defendants deny the remainder of the allegations contained in this paragraph.**

11.     At all times relevant herein, BOERIU was acting in the scope of his employment and under color of state law.

**ANSWER:     Defendants deny the allegations in this paragraph.**

12.     DEFENDANT OFFICER BOERIU is sued in his individual capacity.

**ANSWER:     Defendants admit Plaintiff is suing Defendant Boeriu as an individual.**

## FACTS

13.     Early in the morning of April 13, 2019, Chicago police seized and arrested PLAINTIFF DESIREE HOLLIS on 87th Street in Chicago for allegedly resisting arrest/obstructing a peace officer.

**ANSWER:     Defendant City admits the allegations contained in this paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

14.     After her arrest, police took HOLLIS to the 6th District police station, and several hours passed without her being given an I-bond. An attorney visited her during her detention, who told her that she would receive an I-bond and be released in the morning.

**ANSWER:     Defendant City admits that Plaintiff was taken to the 6th District station and that several hours passed without her receiving an I-bond. Defendant City lacks knowledge**

**sufficient to form a basis of truth as to the remainder of the allegations contained in this paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

15. HOLLIS was left handcuffed to a bench alone in a holding cell separate from the District's main lockup, upon information and belief a cell normally reserved for holding juvenile detainees.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

16. HOLLIS, after falling asleep in the holding cell, woke to see the sun up, and became alarmed because she had not yet been released as she was counseled would be the case by the attorney who visited her at the station.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

17. HOLLIS, in a state of distress and alarm, informed Chicago Police Officers that she needed to go to a hospital.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

18. HOLLIS ripped her shirt and attempted to tie it around her neck. Approximately five to six Officers entered the cell, prevented PLAINTIFF from harming herself, and re-fastened her handcuffs.

**ANSWER: Defendant City lacks knowledge sufficient to form a basis of truth as to the number of officers who entered the cell and admits the remaining allegations in this paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations in this paragraph.**

19. Once officers re-fastened her handcuffs, DEFENDANT OFFICER BOERIU struck HOLLIS in the face with his fist. He subsequently grabbed her leg and began applying significant pressure, forcing her knee into an unnatural position, causing great pain and causing HOLLIS to fear that her leg would break.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

4

20. At this point, a Black male officer, who, upon information and belief was of high rank within the department, said to BOERIU, "Sergeant Boeriu, STOP, you're going to break her leg!"

**ANSWER: Defendants deny the allegations contained in this paragraph.**

21. HOLLIS was not suspected of a serious crime, a danger to officer BOERIU or any other officer, attempting to flee custody, or resisting arrest at the time BOERIU punched her in the face and attempted to break her leg.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

22. HOLLIS, who was in handcuffs and pregnant, posed no threat to BOERIU at the time he attacked her.

**ANSWER: Defendants deny that Defendant Boeriu attacked Plaintiff, and therefore deny the allegations in this paragraph.**

23. Following the attack, HOLLIS was transported by police to St. Bernard Hospital for treatment, where she was mocked by members of Chicago Police Internal Affairs Division who were there to document the event.

**ANSWER: Defendant City denies that Plaintiff was attacked, admits that Plaintiff was transported to St. Bernard Hospital for treatment on the date alleged, and lacks knowledge sufficient to form a basis of truth as to the remainder of the allegations in the paragraph.**

**Defendant Boeriu denies attacking Plaintiff, and lacks knowledge sufficient to form a basis of truth as to the remaining allegations contained in this paragraph.**

24. HOLLIS was eventually released on an I-bond, and, because police had seized her car, keys, wallet, and other items, walked home.

**ANSWER: Defendant City admits that Plaintiff's vehicle was impounded and that she was released on an I-bond and lacks knowledge sufficient to form a basis of truth as to the remainder of the allegations in the paragraph.**

**Defendant Boeriu lacks knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

25. HOLLIS sought further treatment in days following the attack from the University of Illinois at Chicago Health System.

**ANSWER: Defendant City denies that Plaintiff was attacked and lacks knowledge sufficient to form a basis of truth of the remaining allegations in this paragraph.**

**Defendant Boeriu denies attacking Plaintiff and lacks knowledge sufficient to form a basis of truth as to the remaining allegations in this paragraph.**

26.     As a direct and proximate cause of BOERIU's actions, HOLLIS suffered damages including but not limited to medical bills, pain and suffering, mental anguish, emotional distress, and humiliation.

**ANSWER:     Defendants deny the allegations in this paragraph.**

### COUNT I: 42 U.S.C. §1983 - Excessive Force
### Against Defendant Officer Boeriu
### (Federal Claim)

27.     PLAINTIFF realleges paragraphs 1-26 as though fully set forth above.

**ANSWER:     Defendant Boeriu hereby incorporates his answers to paragraphs one (1) through twenty-six (26) above as his answer to this paragraph as though fully restated and set forth herein.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

28.     DEFENDANT OFFICER BOERIU punched PLAINTIFF in the face and bent her leg backwards in an attempt to cause serious physical harm and disfigurement.

**ANSWER:     Defendant Boeriu denies the allegations in this paragraph.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

29.     PLAINTIFF was unarmed and posed no threat to DEFENDANT at the time of this use of force, was not resisting DEFENDANT or committing any other crime at the time of this use of force, was not suspected of a serious crime at the time of this use of force, and was not attempting to flee at the time of this use of force. She was handcuffed in a holding cell pursuant to a resisting/obstructing charge, in a room separate from the primary lockup, and in the middle of a heavily staffed police station at the time of the attack.

**ANSWER:     Defendant Boeriu denies that he used force on Plaintiff and therefore denies the allegations in this paragraph.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any**

wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.

30. BOERIU's actions constituted unreasonable and excessive force in violation of PLAINTIFF's Fourth Amendment rights.

**ANSWER: Defendant Boeriu denies the allegations in this paragraph.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

31. The actions of DEFENDANT directly and proximately caused PLAINTIFF's injuries, including pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

**ANSWER: Defendant Boeriu denies the allegations in this paragraph.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

32. The misconduct described in his Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for PLAINTIFF's rights and safety.

**ANSWER: Defendant Boeriu denies any misconduct alleged herein and therefore denies the allegations in this paragraph.**

**Defendant City makes no answer to this paragraph because Count I is not directed against it. To the extent this paragraph is directed at Defendant City, Defendant City denies any wrongdoing or violations of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

**COUNT II: 745 ILCS 10/9-102 - Indemnification**
**Against Defendant City of Chicago**
**(State Law Claim)**

33. PLAINTIFF realleges paragraphs 1-26 as though fully set forth herein.

**ANSWER: Defendant City hereby incorporates its answers to paragraphs one (1) through twenty-six (26) above as its answer to this paragraph as though fully restated and set forth herein.**

**Defendant Boeriu makes no answer to this paragraph because Count II is not directed against him. To the extent this paragraph is directed at Defendant Boeriu, Defendant Boeriu denies any wrongdoing or violation of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

34.     Defendant CITY OF CHICAGO is the employer of OFFICER BOERIU.

**ANSWER:     Defendant City admits the allegations contained in this paragraph.**

**Defendant Boeriu makes no answer to this paragraph because Count II is not directed against him. To the extent this paragraph is directed at Defendant Boeriu, Defendant Boeriu denies any wrongdoing or violation of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

35.     BOERIU committed the above-alleged acts under color of law and in the scope of his duties and employment with the CITY OF CHICAGO.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

**Defendant Boeriu makes no answer to this paragraph because Count II is not directed against him. To the extent this paragraph is directed at Defendant Boeriu, Defendant Boeriu denies any wrongdoing or violation of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

36.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER:     Defendant City admits the allegations contained in this paragraph, but denies it fully and accurately states the law.**

**Defendant Boeriu makes no answer to this paragraph because Count II is not directed against him. To the extent this paragraph is directed at Defendant Boeriu, Defendant Boeriu denies any wrongdoing or violation of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

37.     As a direct and proximate cause of BOERIU's unlawful acts, which occurred within the scope of his employment activities, PLAINTIFF was damaged, including pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

**ANSWER:     Defendant City denies that Defendant Boeriu committed any unlawful acts within the scope of his employment and therefore denies the allegations contained in this paragraph.**

**Defendant Boeriu makes no answer to this paragraph because Count II is not directed against him. To the extent this paragraph is directed at Defendant Boeriu, Defendant**

8

**Boeriu denies any wrongdoing or violation of Plaintiff's rights and further denies Plaintiff is entitled to any recovery.**

## JURY DEMAND

Defendants respectfully request a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

1. Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

Dated: July 22, 2021

Respectfully submitted,

*/s/ Emily R. Bammel*

Emily R. Bammel
Assistant Corporation Counsel

Gregory Beck, Assistant Corporation Counsel Supervisor
Emily Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.742.3902 (Phone)
Attorney No.: 6323600
Emily.Bammel3@cityofchicago.org
***Attorneys for Defendants***

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DESIREE HOLLIS, | ) | |
| | ) | Case No. 21 C 1956 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Thomas Durkin |
| v. | ) | |
| | ) | Mag. Judge: Hon. Jeffrey Cole |
| THE CITY OF CHICAGO and CHICAGO | ) | |
| POLICE OFFICER IOAN BOERIU | ) | |
| (#UNKNOWN), | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Daniel Massoglia
Brittany Shaw
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
(708) 797-3066
daniel@first-defense.org
brittany@first-defense.org


        PLEASE TAKE NOTICE that on this  22nd   day of July 2021, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER  TO PLAINTIFF'S FIRST AMENDED COMPLAINT, JURY DEMAND AND AFFIRMATIVE DEFENSES**, a copy of which is herewith served upon you.

        I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this   22nd   day of July 2021.


                                        */s/ Emily R. Bammel*
                                        Emily R. Bammel
                                        Assistant Corporation Counsel

10