IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS,<br><br>      Plaintiff,<br><br> v.<br><br>THE CITY OF CHICAGO and CHICAGO POLICE OFFICER IOAN BOERIU (# unknown),<br><br>      Defendants. | Case No: 21-cv-1956<br><br>Judge: Hon. Thomas Durkin<br><br>Mag. Judge: Hon. Jeffrey Cole<br><br><br><br>**JURY TRIAL DEMANDED** |

(1) The Nature of the Case
 a. Identify the attorneys of record for each party, including the lead trial attorneys.

Plaintiff Desiree Hollis – Daniel Massoglia (lead trial attorney)

Defendants City of Chicago and Officer Ioan Boeriu by:

Emily R. Bammel, Assistant Corporation Counsel
2 N. LaSalle St., Suite 420
Chicago, IL 60602
312-744-3982
Emily.Bammel3@cityofchicago.org
Attorney No.: 6323600

Gregory Beck, Assistant Corporation Counsel Supervisor
2 N. LaSalle St., Suite 420
Chicago, IL 60602
312-742-5146
Gregory.Beck@cityofchicago.org
Attorney No.: 6308565

 b. State the basis for federal jurisdiction.

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and the Judicial Code, 28 U.S.C. §1331 and §1343(a). The Court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

    c. Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.

Plaintiff Desiree Hollis alleges that Defendant Officer Ioan Boeriu violated her Fourth Amendment rights by using excessive force against her while she was in police custody at the 6th District Police Station several hours after an arrest. Ms. Hollis asserts that Officer Boeriu violated her rights by punching her in the face and subsequently violently bending her leg such that she and another officer thought it would break. Ms. Hollis was in handcuffs at the time of the attack. The Amended Complaint also includes an indemnity claim against the City of Chicago and alleges that the above described acts were taken in the scope of Defendant Officer Boeriu's employment. The suit seeks money damages. Defendants have raised affirmative defenses in their Answer.

(2) Pending Motions and Case Plan
    a. Identify any pending motions.

There are no pending motions.

    b. Submit a proposal for a discovery plan, including the following information:
        i. The general type of discovery needed;

Parties will need written and oral fact discovery regarding the events at the 6th District Police Station on and April 13, 2019. Additionally, parties anticipate fact discovery into Defendant's disciplinary history, knowledge, and events of that day; City policies and directives relevant to handling detainees who are seeking medical care; the knowledge of witnesses as the 6th District Police Station; video, audio, and other records; any investigations about this event; and other matters that may arise in the course of litigation.

        ii. A date to issue written discovery;

Parties will exchange Rule 26(a) disclosures by August 20, 2021. Parties will issue written discovery by October 3, 2021.

        iii. If there will be expert discovery **relevant to dispositive liability motions**, an expert discovery completion date, including dates for the delivery of expert reports;

Parties do not anticipate expert discovery in this case.

        iv. A liability discovery completion date;

Liability discovery will conclude by March 19, 2022.

        v. A deadline to amend pleadings;

The deadline to amend pleadings will be February 19, 2022.

      vi.     Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, to the parties agree that no such motions will be filed.

      vii.    A deadline for filing summary judgment motions should **not** be included. The Court will set that deadline in consultation with the parties after the close of discovery.

      viii.   The Court generally approves parties' jointly proposed discovery plans, because the Court trusts that the parties will devise a schedule that both moves the case forward in an efficient manner and takes into account the parties' and counsel's other obligations. Since the Court will be generous in this regard, the Court will be reluctant to grant any extensions of this schedule.

  c.  E-Discovery
     i.   Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately; and

Plaintiff expects electronic discovery to include electronic communications among Defendant, other CPD officers, and other relevant individuals regarding the complained-of events and/or about Plaintiff, as well as the electronically stored videos, audio, and other data relevant to the Amended Complaint's allegations.

     ii.   Indicate whether the parties anticipate any electronic discovery disputes.

The parties do not anticipate any electronic discovery disputes.

  d.  Indicate whether a jury trial is requested and the probable length of trial.

A jury trial is requested by both parties and would likely be 2-3 days in length.

(3) Consent to Proceed Before a Magistrate Judge
  a.  Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.

The parties do not unanimously consent to proceed before a Magistrate Judge.

(4) Status of Settlement Discussions
  a.  Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.

No settlement discussions have occurred.

b. Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.

The parties do not request a settlement conference at this time.

Dated: August 5, 2021

Respectfully Submitted,

/s/Daniel E. Massoglia

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

*One of Plaintiff's Attorneys*

/s/ Emily R. Bammel
Assistant Corporation Counsel

Gregory Beck, Assistant Corporation Counsel Supervisor
Emily Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.742.3902 (Phone)
Attorney No.: 6323600
Emily.Bammel3@cityofchicago.org
***Attorneys for Defendants***

CERTIFICATE OF SERVICE

      I, Daniel E. Massoglia, an attorney, hereby certify that a copy of this ***Joint Initial Status Report*** was filed before 11:59pm on 8/5/21 using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case.

Respectfully submitted,

/s/<u>Daniel E. Massoglia</u>
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org