IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, ) | |
| ) | Case No. 21 C 1956 |
| Plaintiff, ) | |
| ) | Judge: Hon. Thomas Durkin |
| v. ) | |
| ) | Mag. Judge: Hon. Jeffrey Cole |
| THE CITY OF CHICAGO and CHICAGO ) | |
| POLICE OFFICER ROY BOFFO, ) | |
| (#UNKNOWN), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Roy Boffo, (hereinafter "Sergeant Boffo"), and the City of Chicago move to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of this motion, Defendants state as follows:

**INTRODUCTION**

On April 13, 2019, Chicago police officers arrested Plaintiff and transported her to the police station located in Chicago's 006th district. (Pl.'s Second Amend. Compl. ¶¶ 13-14; ECF No. 29.) Plaintiff fell asleep handcuffed to a bench in a holding cell. (*Id.* ¶¶ 15-16.) When Plaintiff awoke, she was in distress. (*Id.* ¶ 17.) Plaintiff ripped her shirt and attempted to tie it around her neck. (*Id.* ¶ 18.) Approximately five to six officers entered the cell to prevent Plaintiff from harming herself. (*Id.*) Plaintiff claims that one of the officers – Roy Boffo – struck her in the face with his fist, grabbed her leg, and applied pressure, forcing her knee into an unnatural position. (*Id.* ¶¶ 16, 19.) According to Plaintiff, another officer intervened, stating "Sergeant Boffo, STOP, you're going to break her leg!" (*Id.* ¶ 20.) Plaintiff was transported to St. Bernard Hospital where members of the police department's Internal Affairs Division were present to document the event. (*Id.* ¶ 23)

1

On April 12, 2021, Plaintiff commenced this action against the City of Chicago and Chicago police officer Burrow (# unknown). (Pl.'s Compl.; ECF No. 1.) On May 21, 2021, Plaintiff filed an unopposed motion seeking leave to file an amended complaint to correct the spelling of the individual defendant's name. (Pl.'s Mot. To Amend Compl. ¶ 3; ECF No. 8.) The Court granted the motion, and Plaintiff filed an amended complaint against the City of Chicago and Chicago police officer Ioan Boeriu. (Pl's Amend. Compl.; ECF No. 10.) On June 29, 2021, the officer still had not been served, so defense counsel attempted to contact the officer and was able to obtain the officer's consent to accept service on his behalf. (*See* Def.'s Mot. For An Extension ¶ 4; ECF No. 15.) Defense counsel filed an appearance for the officer the following day, and, on July 22, 2021, the City and Officer Boeriu filed an answer to the amended complaint. (*See* ECF Nos. 14, 19.) On August 5, 2021, the parties filed a joint status report describing the nature of Plaintiff's claims and proposing a discovery schedule. (Report at 1-2; ECF No. 25.) On August 9, 2021, the Court entered an order adopting the discovery schedule proposed by the parties. (Order; ECF No. 26.)

On September 7, 2021, Plaintiff filed an unopposed motion seeking leave to file a second amended complaint. (Pl.'s Second Mot. To Amend Compl; ECF No. 27.) On September 9, 2021, the Court granted the motion. (Order; ECF No. 28.) On September 12, 2021, Plaintiff filed a second amended complaint against the City of Chicago and Chicago police officer Roy Boffo. (Pl.'s Second Amend. Compl.; ECF No. 29.) The second amended complaint brings an excessive force claim against Sergeant Boffo and an indemnification claim against the City.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009). When considering motions pursuant to Rule 12(b)(6), all well-pleaded allegations within the complaint are read in the light most favorable to the plaintiff and presumed true. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013).

It is appropriate for a court to consider a statute of limitations affirmative defense in a motion to dismiss if the complaint sets forth the fact necessary to satisfy the affirmative defense. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). "[N]ormally a limitations defense must be pleaded in an answer, but a district court may dismiss a claim under Rule 12(b)(6) as untimely if the complaint reveals that the claim is unquestionably untimely." *Thompson v. City of Chicago Board of Education*, 14 CV 6340, 2016 WL 362375, at *8 (N.D. Ill. January 29, 2016) (J. Lee) (internal citations omitted). The purpose behind the doctrine of the statute of limitations is to afford defendants notice of the claims brought against them within a reasonable time. *See Olech v. Village of Willowbrook*, 138 F. Supp.2d. 1036, 1041 (N.D. Ill., Dec. 2000). As such, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2005).

## **ARGUMENT**

Plaintiff's excessive force claim against Sergeant Boffo must be dismissed because it was filed outside of the applicable two-year limitations period, does not relate back to the original complaint, and is not preserved by equitable tolling. Because Plaintiff has failed to plead a substantive claim, his indemnification claim must also be dismissed. Any amendment would be futile and thus, the Court should dismiss the second amended complaint with prejudice.

### I. The Excessive Force Claim Is Untimely

Section 1983 provides plaintiff with a federal cause of action, but it does not contain a statute of limitations. As such, federal courts apply the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, that period is two years. *Smith v. City of Chicago*, 3 F.4th 332, 335 (7th Cir. 2021) (citing 735 ILCS 5/13-202 (West 2018)). Although state law governs the length of the statute of limitations for a section 1983 claim, federal law controls when that limitations period begins. *Id.*; *McDonough v. Smith*, —U.S.— , 139 S. Ct. 2149, 2155 (2019). A claim generally accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388. Excessive force claims accrue at the time of the alleged use of force. *See Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 820 (N.D. Ill. 2006), aff'd, 217 F. App'x 534 (7th Cir. 2007) (excessive force claims accrue when Plaintiff was aware of the alleged exercise of force); *see also Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (excessive force claim accrued on the date plaintiff's decedent was shot and killed).

Because Plaintiff claims that Sergeant Boffo used excessive force against her on April 13, 2019, she had two years from that date to bring her claim against him. Plaintiff, however, waited until September 12, 2021, which is nearly five months after the limitations period expired. As a consequence, Plaintiff's excessive force claim is untimely.

**II.     The Excessive Force Claim Does Not Relate Back**

Federal Rule of Civil Procedure 15(c) allows a plaintiff to add otherwise time-barred claims against new defendants if the claims "relate back" to the original complaint. Fed. R. Civ. P. 15(c). The amended pleading will "relate back" if the proposed defendant "knew or should have known that the action would have been brought against [him] but for a mistake concerning the proper party's identity." *Id.* But Rule 15(c) is inapplicable "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's

4

identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010). Rule 15(c) is generally used to "correct a misnomer of a defendant where the proper defendant is already before the court" but not to substitute or add a new defendant after the statute of limitations has run. *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1996); *see Wood v. Worachek,* 618 F.2d 12225, 1229 (7th Cir. 1980) (stating that "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run").

The Seventh Circuit has long recognized that Rule 15(c)'s "mistake" clause does not apply where, as here, the plaintiff "simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006). In *Hall*, for example, a plaintiff timely sued the wrong corporation and later moved to amend the complaint to add the proper defendant. *Id.* at 593. By the time he filed a motion to amend, the limitations period had expired, so the plaintiff could amend the complaint only if it related back to his original pleading. *Id.* The plaintiff argued that his failure to name the correct corporation was a mistake concerning the proper party's identity under Rule 15(c). *Id.* Not so, said the court. The court rejected the plaintiff's argument and concluded that "[a] plaintiff's ignorance or misunderstanding about who is liable for his injury" does not satisfy Rule 15(c)'s mistake requirement. *Id.* at 596. In so holding, the court analogized the plaintiff's case with John Doe cases, noting that in both scenarios the parties "did not know who to name as defendants before the limitations period expired." *Id.* Elaborating on this point, the Seventh Circuit emphasized that a plaintiff naming a John Doe defendant "because he does not know who harmed him," is not a mistake

under Rule 15(c).[1] *Id.*; see also *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021) ("naming a John Doe defendant does not constitute a 'mistake' within the meaning of Rule 15(c)(1)(C)(ii).").

Similarly, here, Plaintiff's ignorance about who is liable for her injury does not satisfy Rule 15(c)'s mistake requirement. Plaintiff sued Chicago police officer Burrow (# unknown) the night before the statute of limitations expired and then filed a motion seeking leave to amend the complaint to correct the spelling of Burrow. Plaintiff amended the complaint and replaced Burrow with Ioan Boeriu – an officer assigned to the 006th district. Plaintiff's actions confirm that she made a deliberate choice to sue Ioan Boeriu. Just like the plaintiffs in *Hall* and *Herrera*, Plaintiff in this case sued Ioan Boeriu because she lacked adequate information to ascertain Sergeant Boffo's identity. That is, she made a conscious choice to sue Ioan Boeriu; it was not an inadvertent error or "slip of the pen."

In light of these facts, Plaintiff cannot be said to have made a mistake regarding Defendant Sergeant Boffo's identity. See *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) ("A plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of [Rule 15(c)]."); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) ("We do not permit relation back… where the plaintiff simply did not know who to sue."); *Flournoy v. Schomig*, 418 Fed.Appx. 528, 532 (7th Cir. 2011) ("the district judge did not abuse his discretion in denying [relation back because] … [the plaintiff] simply lacked knowledge of the proper defendants."); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) ("the misnomer statute applies only "when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued.")

---

[1] The Seventh Circuit has long adhered to this "John Doe rule." See, *e.g.*, *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (noting that in a John Doe case, a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c)"); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (explaining that a plaintiff's "lack of knowledge" as to the defendants' identities does not amount to "a mistake in their names"); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (stating that Rule 15(c) "does not permit relation back where ... there is a lack of knowledge of the proper party").

"[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704. "In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight." *See Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596–97 (7th Cir. 2006) (quoting *Rendall–Speranza v. Nassim,* 107 F.3d 913, 919 (D.C.Cir.1997).

This Court, therefore, need not reach the issue of whether Sergeant Boffo knew or should have known that Plaintiff's action could be instituted against him. For similar reasons, this Court need not reach the issue of whether Sergeant Boffo would be prejudiced by any proposed amendment. In short, the second amended complaint does not relate back to the original complaint.

### III. Equitable Tolling Does Not Apply

Finally, Plaintiff cannot demonstrate a basis for equitable tolling. To show equitable tolling, a plaintiff must demonstrate that he was diligently pursuing his rights and yet an extraordinary circumstance stood in his way of filing a timely claim. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, there is no reason why Plaintiff could not have named Sergeant Boffo in her original complaint. There is no reason why Plaintiff should have waited until the night before the statute of limitations expired to initiate this lawsuit. And there is no reason why it should have taken Plaintiff more than two years to learn of Sergeant Boffo's existence when he is clearly identified in police reports. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. *Hodge v. Parker*, 338 Fed. Appx. 534, 535 (7th Cir. 2009); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). Because Plaintiff cannot demonstrate that she was diligent in pursuing her rights, equitable tolling does not preserve her claims against Sergeant Boffo.

### IV. The **Indemnification Claim Cannot Stand on Its Own**

Plaintiff cannot sustain her indemnification claim against the City. Section 2-109 of the Local Governmental and Governmental Employees Tort Immunity Act provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 2016). The claim of Indemnification is contingent upon the availability of Plaintiff's underlying claim(s). 745 ILCS 10/2-109 (West 2016). Therefore, as Plaintiff's substantive claim is subject to dismissal based upon the argument above, so too is indemnification.

### V. The Dismissal Should Be With Prejudice

Dismissal of Plaintiff's second amended complaint should be with prejudice because the defects cannot be cured in an amended pleading. Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). An amendment is considered futile if it would not withstand a motion to dismiss. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, dismissal with prejudice is appropriate because the claims against Sergeant Boffo are time-barred, do not relate back to the original complaint, and are not preserved by equitable tolling. Any amendment would be futile and could not withstand a motion to dismiss

**WHEREFORE**, Defendants respectfully request this Honorable Court dismiss Plaintiff's second amended complaint with prejudice as any further amendments would be futile, and all other relief that the Court deems necessary and just.

Dated: October 27, 2021

                                                Respectfully submitted,

                                                */s/ Emily R. Bammel*

                                                Emily R. Bammel
                                                Assistant Corporation Counsel

Gregory Beck, Assistant Corporation Counsel Supervisor
Emily Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.742.3902 (Phone)
Attorney No.: 6323600
Emily.Bammel3@cityofchicago.org
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

      I, Emily Bammel, hereby certify that I caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT,** causing it to be delivered by electronic means to the person named above at the address shown this  27th  day of October, 2021.

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
(708) 797-3066
daniel@first-defense.org

                                                */s/ Emily R. Bammel*

                                                Emily R. Bammel
                                                Assistant Corporation Counsel