# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS,<br><br>                Plaintiff,<br><br>  v.<br><br>THE CITY OF CHICAGO and CHICAGO POLICE OFFICER ROY BOFFO (# unknown),<br><br>                Defendants. | Case No: 21-cv-1956<br><br>Judge: Hon. Thomas Durkin<br><br>Mag. Judge: Hon. Jeffrey Cole<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Desiree Hollis, by and through her undersigned counsel, responds to Defendants' Motion to Dismiss as follows, stating in support:

### INTRODUCTION

Plaintiff Desiree Hollis, following an unjustified police attack on her at the 6th District police station, filed a Complaint naming the officer she thought was responsible for her injuries. She subsequently amended the Complaint twice to correct mistakes in naming the correct party, amendments which did not otherwise change any aspect of her factual and legal claims, and amendments which are allowed under applicable law. Defendants move to dismiss on grounds that her claim is untimely, but the Motion should be denied.

# FACTUAL BACKGROUND[1]

Plaintiff Desiree Hollis was arrested by the Chicago Police Department ("CPD") early in the morning on April 13, 2019 and subsequently booked at the 6th District police station. Dkt. 29 ¶¶ 13–14. Plaintiff spent the night all by herself, in a juvenile holding cell separate from the station's main lockup area, handcuffed to a bench. Dkt. 29 ¶¶ 15. After waking up to find herself still handcuffed and alone, Plaintiff's mindset shifted to an extreme state of distress and fear, and she told officers that she was suicidal and in need of immediate medical care. Dkt. 29 ¶¶ 16–17.

Plaintiff ripped off her shirt and attempted to tie it around her neck. Dkt. 29 ¶¶ 18. Five to six officers responded by entering the cell, taking action to prevent self-harm, and then re-securing Plaintiff's handcuffs even more tightly around her wrists. Dkt. 29 ¶¶ 18. Subsequently, *after Plaintiff's handcuffs were refastened*, Defendant Roy Boffo unilaterally decided more force was needed to secure this Plaintiff—who was handcuffed, not suspected of any serious offense, nor actively attempting to flee custody or resisting arrest, and recently pregnant—and proceeded to strike Plaintiff in the face with a closed fist as well as forcefully grab her legs, force one leg into an unnatural position, and apply extreme pressure that generated immense pain and increasingly risked broken bones with each successive second. Dkt. 29 ¶¶ 19, 21–22. At this point, one officer witnessing the force commanded of the Defendant, "Sergeant Boffo, STOP, you're going to break her leg!" Dkt. 29 ¶ 20. After a hospital visit that documented her injuries, Plaintiff was eventually released from the police station on I-Bond and then forced to walk home, injured, due to the CPD's seizing of her property including her wallet, car keys, and phone. Dkt. 29 ¶¶ 23–24.

Plaintiff almost immediately made a COPA complaint, and was diligent in her attempts to secure counsel for a lawsuit, but due to factors *out of her control*—believing she was represented

---

[1] There are aspects of this Statement of Facts that exist outside the allegations made in the original complaint. All new facts included herein may be identified by the absence of citations to paragraphs of the Second Amended Complaint. A Plaintiff may assert additional facts in this circumstance as long as the new facts are not inconsistent with the complaint. *See Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (noting that "a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint...") Should the Court find that the additional facts are not properly before it by this Response, Plaintiff respectfully requests the Court allow her to again amend the complaint to reflect these additional facts, rather than dismissing the Complaint with prejudice.

by a prior attorney based on months of work with that firm—was stymied in these efforts until just days before the statute of limitations for her claim, when her present attorneys assumed responsibility for the case. On May 15, 2020, for example—nearly a year before the statute of limitations on her constitutional claims—Plaintiff made her first contact with an attorney to pursue this action, and at that point, Plaintiff reasonably believed that they were representing her. Plaintiff emailed the attorney with whom she had earlier spoken again on July 27, 2020. The attorney with whom she initially corresponded had left the firm, and later, a different attorney from that firm who she believed was handling her case contacted Plaintiff on November 13, 2020, stating that they would review plaintiff's records and follow up with her about the case. Then, on February 5, 2021, the firm advised Plaintiff *for the first time* that the firm had not yet agreed to represent her. However, even then, the attorney contacted Plaintiff only four days later and indicated that they were still working on her case. After that, Plaintiff had only one more contact with the firm on February 24, 2021, before finally being informed on March 29, 2021, a mere two weeks from the expiration of the action's statute of limitations, that the firm was declining to take her case. The prior firm also advised Plaintiff's current attorneys on February 24, 2021 that it intended to file a suit for Plaintiff. In sum, Plaintiff diligently sought counsel to bring suit for this action, beginning in May 2020, and thus should not be penalized for the previous firm's actions.

Furthermore, after filing her COPA complaint soon after the incident, Plaintiff called COPA for an update as to status every thirty to sixty days, but COPA declined to provide any substantive updates and stated that they would be in contact as necessary for the investigation before eventually stopping responding to her calls entirely. Prompted by Plaintiff's complaint, Defendant Boffo was interviewed about the incident by COPA on March 10, 2021—before this action was filed—generating notice to him of the substantial likelihood of a lawsuit. The City answered Plaintiff's First Amended Complaint, naming Officer Boeriu, whom she reasonably believed was the proper defendant, despite knowing based on the similarity of allegations in the COPA complaint and her lawsuit that this Defendant was not the proper party. The City did not reveal this critical information of the proper Defendant's identity until its initial disclosures, which

3

included records related to the COPA investigation of Defendant Boffo. Defendant Boffo, for his part, did not complete the required Tactical Response Report for his use of force as described in the Complaint, and nor was he identified on police reports.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing a pleader's right to relief and so that the defendant has "fair notice" of the claim. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). A complaint must contain sufficient factual matter to state a facially plausible claim such that the court may reasonably infer that defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss under Rule 12(b)(6), the court accepts all well-pled allegations in the complaint as true, and construes the complaint in the light most favorable to the plaintiff with all possible inferences'' being drawn in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

**ARGUMENT**

Because Plaintiff's First and Second Amended Complaints relate back to her initial filing, dismissal based on timeliness is inappropriate, and if not, equitable tolling and equitable estoppel should apply to forgive any perceived untimeliness in filing. Plaintiff has stated a viable excessive force and indemnification claim, and Defendants' Motion should be denied.

**I. PLAINTIFF'S EXCESSIVE FORCE RELATES BACK UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND RELEVANT LAW**

Plaintiff's claims relate back under Fed. R. Civ. P 15(c) and relevant law to her initial Complaints, and are thus timely, and the Motion should be denied.

Relation back is appropriate under Rule 15(c)(1) in situations where:

     (A) the law that provides the applicable statute of limitations allows relation back;

     (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

     (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
          (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
          (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

As a preliminary note, the requirements of Rule 4(m) as articulated in Rule 15(c)(1)(C) are not at issue in this Response because Defendants waived this argument by failing to develop or address it in the Motion. *Black & Decker Inc. v. Robert Bosch Tool Corp.*, 371 F. Supp. 2d 965, 970 n. 3 (N.D. Ill. 2005), citing *Kramer v. Banc of Am. Sec.*, LLC, 355 F.3d 961, 964 n. 1 (7th Cir. 2004) (failure to develop argument constitutes waiver); *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 268 (7th Cir. 1986).

### A. Relevant Law Provides That the Applicable Statute of Limitations Allows Relation Back, satisfying Rule 15(c)(1)(A)

Regarding subpart (A) of Rule 15(c)(1), Defendants' Motion correctly articulates that the Federal Rule of Civil Procedure 15(c) allows the Plaintiff to add otherwise time-barred claims if the claim relates back to the original complaint under relevant law. Dkt. 35 at 4. Indeed courts in this Circuit regularly recognize and allow relation back of claims in constitutional tort litigation. *See, e.g.*, *Rae v. Klusak*, 810 F. Supp. 983 (N.D. Ill. 1993); *Jones v. Mooney*, No. 3: 17-CV-337-JPG-MAB, 2019 WL 8063911 (S.D. Ill. Sept. 25, 2019), *report and recommendation adopted as modified*, No. 17-CV-00337-JPG, 2019 WL 6769317 (S.D. Ill. Dec. 12, 2019); *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991).

### B. Other than Defendant's Name, Plaintiff's Complaints are Identical, Indicating that the Suit Arises from the Same Transaction or Occurrence, Satisfying Rule 15(c)(1)(B)

Subpart (B) of Rule 15(c)(1) is satisfied here—Ms. Hollis' complaints make no substantive changes to her allegations in Amendments to her Complaint, indicating that the matter at issue relates to the same transaction and occurrence in the original pleading.

### C. Rule 15(c)(1)(C)'s Requirements are Met because Defendants Received Notice, Plaintiff's Misnaming the Defendant Officers was a Mistake, and Defendant Boffo Knew or should have Known of the Action

<u>1. Defendants Received Notice of the Action and Knew or Should have Known</u>[2]

Regarding section 15(c)(1)(C)(i), Plaintiff satisfies the requirements of relation back. For example, notice is chargeable to the City, and Officer Boffo, from the date of Ms. Hollis' COPA Complaint in April 2019; similarly, the action was timely filed, albeit with a mistaken identity, before the statute of limitations. Despite Ms. Hollis' monthly requests for a progress update, however, COPA stopped responding to her. Additionally, contrary to Defendant's assertion in their motion, Officer Boffo's name appears nowhere on police reports related to the incident. Dkt. 35 at 7. Further, Officer Boffo did not complete a Tactical Response Report detailing his use of force. indicating his awareness that his actions were constitutionally suspect and would likely subject him to litigation. Furthermore, Officer Boffo was interviewed related to Ms. Hollis' COPA complaint prior to the filing of the lawsuit. As a result, Officer Boffo knew or should have known that an action would be brought against him.

Further, in *Krupski v. Costa Crociere S. p. A.*, the Supreme Court noted that "the interrelationship between [the mistaken defendant] and [the correct defendant] and their similar

---

[2] Defendants also waived this argument, as noted above, by failing to develop or address it in their motion, *supra* page 5. "This Court, therefore, need not reach the issue of whether Sergeant Boffo knew or should have known that Plaintiff's action could be instituted against him." Dkt. 35 at 7.

names heighten the expectation that [the correct defendant] should suspect a mistake when [the mistaken defendant] is named . . . describing [the correct defendant's] activities." 130 S.Ct. 2485, 2488-2489 (2010). Similarly, Defendant Boffo has both an interrelationship, through their mutual employer, with and similar name as Officer Boeriu and Burrow. The Court should also consider this language from *Krupski* in analyzing whether (and ultimately concluding that) Defendant Officer Boffo knew or should have known of this action.

Lastly, as a matter of public policy, it would be unconscionable to permit a city to effectively shield itself from legal liability by concealing officers' names and then dismiss lawsuits against the city because its residents do not have the ability to ascertain a public officer's identity. *See* Edward F. Kammerer, *Law and Public Policy:* A Gap Between Theory and Teaching, 53 Cambridge Political Science & Politics, 292 (2020) (emphasizing that the law and public policy are intertwined and fundamentally related). The City of Chicago was fully aware that Defendant Boffo was the correct defendant, as demonstrated through COPA's interviewing Defendant Boffo instead of Officer Boeriu, but declined to provide this information to Plaintiff until initial disclosures. However, not only did the City of Chicago conclusively know of Plaintiff's misidentification in March 2021, there is also strong evidence Defendant Boffo concealed his involvement in the incident in violation of CPD's own policies. No Tactical Response Report was not completed for Boffo's use of force, as is required, nor was such a report produced to the prior attorney who considered taking Plaintiff's case.

Contrary to Defendant's assertion in the Motion, Defendant Boffo was not listed on the police reports either. Dkt. 35 at 6. And this inability to ascertain Defendant Boffo's identity was not due to a lack of effort on behalf of Plaintiff. Rather, Plaintiff made repeated diligent efforts to identify Defendant Boffo including by making numerous calls to COPA, but that agency also failed

to respond, despite being fully aware Defendant Boffo was the accused. In sum, it would be exceptionally unconscionable to allow a municipality to avoid liability by withholding or concealing officers' identities for claims with an already abbreviated statute of limitations, violating their own policies on transparency and reporting incidents of force by officers, and then neglecting to assist residents who make diligent efforts to ascertain a public official's identity through the channels available to the public but are ultimately unable to do so precisely because of the lack of transparency that COPA as a constituent agency of the City of Chicago instituted.

2. <u>Ms. Hollis' Naming of the Incorrect Defendant with a Similar Name is a "Mistake" Under the Law</u>

Courts regularly hold that the misidentification of a defendant constitutes "mistake" for the purposes of Rule 15, and that is the case here.

The Seventh Circuit has long interpreted the "mistake" aspect of Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir.2000) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir.1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980)). "...[I]nadequate knowledge and lack of full information regarding a defendants' identity satisfies the mistake requirement." *Brown v. Deleon,* No. 11 C 6292, 2013 WL 3812093, at *6 (N.D. Ill. July 18, 2013). Plaintiff here was forced to recall an offending officer's surname from a traumatic ordeal which can impair memory, and accordingly, this imperfect memory produced a phonetically-similar last name that also began with the phonetic "Bo/u", followed by a consonant, and then another vowel. This is a mistake under the law.

Plaintiff's pleadings demonstrate a clear intention to sue the officer who harmed her—not any other, unrelated officer involved in her arrest and detention. Unlike the Plaintiff in *Hall v. Norfolk Southern Ry. Co.*, who comprehensively edited the details of their complaint when attempting to change defendants, the Plaintiff's details about the incident have not changed in any substantial way since the original complaint, other than the officer's name, simply because Plaintiff only ever intended to sue the officer who she knew harmed her. 469 F. 3d 590 (7th Cir. 2006).

Accordingly, this Court should embrace Seventh Circuit "mistake" analysis and conclude that Plaintiff has mistakenly sued the wrong party for the purposes of relation back.

D. **Defendant's Interpretation of Relevant Case Law is Unavailing**

Defendants' case law ranges from inapposite to plainly inapplicable. For example, in arguing that Plaintiff's mistake was instead "a fully informed decision", the Defendant cites *Krupski v. Costa Crociere S. p. A.*130 S.Ct. at 2488–2489 (2010). In *Krupski*, the court found that the plaintiff made a misidentification because the outward manifestations of the original complaint demonstrated their clear intent to sue the correct defendant. *Id.* Further, the Court has held that "*Krupski* supports that inadequate knowledge and lack of full information regarding a defendants' identity satisfies the mistake requirement." *Brown v. Deleon,* 2013 WL 3812093, at *6. Similarly, in the case at hand, Plaintiff's original complaint demonstrates a clear intention to sue Defendant Boffo because the specific allegations—including that the defendant punched her in the face and attempted to break her leg, during her detention at the 6th District Police Station on the morning of April 13, 2019—accurately describes Defendant Boffo, and no one else. Furthermore, the *Krupski* Court also gave weight to the fact that the correct defendant's "own actions contributed to . . . confusion over 'the proper party' for a lawsuit." 130 S.Ct at 2498. Similarly here, the City of Chicago and Defendant Boffo contributed to Plaintiff's confusion by failing to complete a

Tactical Response Report for the use of force, failing to correspond with Ms. Hollis about her COPA complaint, and failing to provide information within its knowledge regarding the correct defendant. As was the case in *Krupski,* Plaintiff's sole error was mistakenly identifying the incorrect Defendant by providing a phonetically-similar surname, and *Krupski* does not support Defendants' position.

Defendant also misunderstands the law in relying on *Hall* and *Herrera v. Cleveland*. Dkt. 35 at 5-7. The attempted analogy to *Herrera*, a John Doe Defendant case, is wildly off the mark, and emblematic of the key differences between misidentification and John Doe cases; it is in not controlling here in a case with such divergent factual circumstances. 8 F. 4th 493 (7th Cir. 2021). While since *Herrera* under current Circuit law suing a John Doe defendant is a conscious choice and thus not a mistake, it is wholly irrelevant to this matter because Plaintiff did not sue a John Doe. *Id.* Plaintiff's mistake is also easily distinguishable from that of *Hall*—which arguably was no longer good law following *Krupski*—where a plaintiff knew the names of the relevant defendants *at the outset of litigation* but had an improperly filed complaint due to a misjudgment of liability. 469 F. 3d 590 (7th Cir. 2006). In Plaintiff's case however, liability is simply not a relevant issue—Plaintiff has always been well aware of whom the officer responsible for her injuries is, namely, the offending officer who attacked her at the police station. Accordingly, Plaintiff has only ever intended to sue *the specific offending officer* at all stages of this litigation. In sum, *Hall* is distinguishable because (1) the *Hall* plaintiff always properly knew the names of their defendants—Plaintiff did not; (2) the *Hall* plaintiff did not know who was liable for their injuries—Plaintiff did; and (3) the *Hall* plaintiff changed the allegations of their complaint—Plaintiff did not. *Id.* at 596.

All of the cases cited by Defendants fell into one of two categories: (1) plaintiffs who sued John Doe defendants, or (2) plaintiffs who sued a wrong defendant when they were properly aware of the identity of the correct defendant at the start of litigation. None of the cases had any comparable factual circumstances to Plaintiff's case, where she misidentified a wrong defendant and did not properly know the correct defendant's identity from the outset. For these reasons, the case law cited by Defendants is flawed, unavailing, and ultimately should not be considered controlling by this Court. Rather, the relevant law clearly indicates Plaintiff's actions as a mistake, such that FRCP 15(c) is applicable and the excessive force claim relates back. Plaintiff's actions fall within the realm of a "mistake" as defined by FRCP 15(c). Defendant's attempts to analogize this case to *Herrera*, *Hall* or any of the John Doe cases are misguided.

## II. IF THE COURT FINDS THAT PLAINTIFF'S CLAIMS DO NOT RELATE BACK, THE DOCTRINES OF EQUITABLE TOLLING AND EQUITABLE ESTOPPEL APPLY TO JUSTIFY DENIAL OF THE MOTION

There are exceptions to standard timely filing requirements: equitable estoppel and equitable tolling. Both apply here, and on this independent ground the Motion should be denied.

As a preliminary matter, the statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in a complaint, including by establishing in the complaint that a doctrine such as equitable tolling or equitable estoppel should operate to delay a statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Ollins v. O'Brien*, No. 03 C 5795, 2006 WL 1519286, *3 (N.D. Ill. May 26, 2006) ("Because the Court can conceive of a set of facts upon which equitable tolling could apply to plaintiffs' false arrest claims, Wallace does not dictate the dismissal of such claims at this time.") (internal citations omitted). Consequently, "a limitations argument must await factual development." *Foss v. Bear Stearns & Co.*, Inc., 394 F.3d 540, 542 (7th Cir. 2005). Quite simply,

Plaintiff was not required to include every fact regarding tolling in her Complaint, and nor should she be penalized for not doing so, though she has included relevant material in this Response.

Defendants' Motion to Dismiss is premised primarily on the affirmative defense of the statute of limitations. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need not contain any information about defenses and may not be dismissed for that omission.") Consequently, dismissal is unwarranted at this stage because possible defenses to the defendants' claim could apply to the facts of this case. *Anguilo v. U.S.*, 867 F.Supp.2d 990, 1000 (N.D. Ill. 2012) ("Equitable estoppel and equitable tolling are doctrines that stop a statute of limitations from running.")

Despite this standard, Plaintiff nonetheless explains for the sake of completeness why these doctrines apply here and the Motion should be denied on these independent grounds.

### A. Equitable Tolling Operates to Toll the Statute of Limitations because Plaintiff Pursued her Rights Diligently and Extraordinary Circumstances Stood in her Way

A plaintiff is "entitled to equitable tolling" if the plaintiff shows "(1) that [she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [her] way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

> Although the accrual analysis is governed by federal law, in Section 1983 actions courts apply the tolling laws of the state where the injury occurred. *Shropshear*, 275 F.3d at 596. Under Illinois law, "[e]quitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted her or her rights in the wrong forum." *Clay v. Kuhl*, 189 Ill.2d 603, 244 Ill.Dec. 918, 727 N.E.2d 217, 223 (2000) (citing *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill.App.3d 1046, 221 Ill.Dec. 303, 675 N.E.2d 210 (1996)). "Where the plaintiff cannot reasonably be expected to sue in time because of disability, irremediable lack of

information, or other circumstances beyond his control, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit." *Griffin v. Willoughby*, 369 Ill.App.3d 405, 311 Ill.Dec. 21, 867 N.E.2d 1007, 1016 (2006) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996)).

*Mihelic v. Will Cty., Ill.*, 826 F. Supp. 2d 1104, 1113–14 (N.D. Ill. 2011)

Here, Plaintiff diligently pursued her rights by contacting attorneys almost a year before her statute of limitations, and reasonably relied on her interactions with those prior attorneys to understand that her claim would be timely filed. This alone constitutes an extraordinary circumstance, as it was beyond her control. *See Griffin v. Willoughby*, 369 Ill.App.3d at 311. Plaintiff should not be penalized because she believed she had counsel who would prosecute her suit until the eve of the statute of limitations.

Similarly, another extraordinary circumstance prevented the plaintiff from identifying the proper defendant in time: the irremediable lack of information caused by the fact that Defendant Officer Boffo concealed his identity by failing to complete a Tactical Response Report for his use of force in order to avoid being held accountable for his actions, or otherwise being identified on police reports. *Id.* Similarly, despite her repeated requests for information, COPA did not update Ms. Hollis as to the status of her complaint, including by providing the name of the accused officer, and indeed ceased responding to her altogether. Defendants argue that Officer Boffo's name was present on police reports in support of their argument that tolling does not apply, but this is flatly false. Dkt. 35 at 7. This scenario too is sufficient to justify equitable tolling in this situation. *Id.*

In a similar situation to the withholding and absence of information here, in *Hampton v. Cty. of Cook,* equitable tolling was found to apply when police reports concealed the involvement of a key defendant, preventing that plaintiff from identifying the proper party in suit. No. 18 C

6346, 2020 WL 6381366, at *5 (N.D. Ill. Oct. 31, 2020). In another analogous case, equitable tolling was granted to a plaintiff who was unable to discover the proper defendant's identity in time, because defense counsel repeatedly refused to respond to discovery requests. *Adedeji v. Cobble*, No. 10 C 0892, 2013 WL 449592, at *3 (N.D. Ill. Feb. 5, 2013). Although there was no refusal to respond in discovery in the present case, in addition to failing to complete a Tactical Response Report or note his involvement on a police report, Defendants withheld Officer Boffo's name until initial disclosures—upon information and belief, well after they were aware that his actions as investigated by COPA were the source of Plaintiff's suit—likewise satisfying the requirements for equitable tolling.

> **B. Equitable Estoppel Also Operates to Toll the Statute of Limitations because Defendant City took active steps to prevent the plaintiff from suing in time**

Equitable estoppel also applies to toll the statute of limitations in Plaintiff's suit. Equitable estoppel comes into play "...if the Defendant takes active steps to prevent the plaintiff from suing in time," and presupposes "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). In this case, the defendant deceptively concealed his identity by refusing to complete proper police reports, leading to an incomplete response a FOIA request by a prior attorney. But for the absence of a Tactical Response Report, which constitutes a violation of CPD General Order G03-02-02, Ms. Hollis would have been able to identify Officer Boffo from an early stage. Similarly, COPA failed to correspond with Ms. Hollis, and the City did not disclose the proper defendant, despite its knowledge, until initial disclosures. Consequently, equitable estoppel should likewise apply to plaintiff's claims.

### III. THE INDEMNIFICATION CLAIM SHOULD STAND BECAUSE THE PLAINTIFF HAS STATED A CLAIM

According to the above arguments, Plaintiff's claims are timely, and the Complaint states a plausible claim for relief. Consequently, indemnification should apply, because indemnification depends upon the availability of Plaintiff's underlying claim(s). 745 ILCS 10/2-109 (West 2016). Therefore, Plaintiff's claim for indemnification should not be dismissed.

Respectfully submitted,

/s/Daniel Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia
First Defense Legal Aid
601 South California Avenue
Chicago, Illinois 60612
708.797.3066
daniel@first-defense.org

**CERTIFICATE OF SERVICE**

   I, Daniel Massoglia, an attorney, hereby certify that a copy of the above Response was filed before 5pm on December 2, 2021 using the CM/ECF system, which generates electronic notice to all counsel of record on this case.

                       Respectfully Submitted,

                             Daniel E. Massoglia

                             *One of Plaintiff's Attorneys*

Daniel Massoglia
First Defense Legal Aid
601 South California Avenue
Chicago, Illinois 60612
708.797.3066
daniel@first-defense.org