IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, ) | |
| ) | Case No. 21 C 1956 |
| Plaintiff, ) | |
| ) | Judge: Hon. Thomas Durkin |
| v. ) | |
| ) | Mag. Judge: Hon. Jeffrey Cole |
| THE CITY OF CHICAGO and CHICAGO ) | |
| POLICE OFFICER ROY BOFFO, ) | |
| (#UNKNOWN), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Roy Boffo, (hereinafter "Defendant Boffo"), and the City of Chicago, collectively as "Defendants", by and through one of their attorneys, Emily R. Bammel, Assistant Corporation Counsel, for their Reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint, (hereinafter "SAC"), state as follows:

**ARGUMENT**

Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint based primarily on her excessive force claim being untimely, because it did not relate back to the initial complaint, thus it should be dismissed because equitable tolling was not in her favor. *See* ECF Dkt. No. 35. Plaintiff's Response attempts to combat these arguments by relying on the claim that not naming the proper defendant, Defendant Boffo, until her third pleading, was a mistake, thus it relates back to her initial pleading and thus is not time-barred; or in the alternative, that public policy and equitable tolling and or estoppel save her claims. ECF Dkt. No. 37.

I. **The Relation-Back Doctrine Does Not Apply to Plaintiff.**

Turning to the merits, Plaintiff argues that her claims relate-back to her timely filed original complaint because she did not know the identity of the officer who allegedly violated her federal

1

rights. *See generally* ECF Dkt. No. 37. Plaintiff's Response asserts that the SAC should relate back as the allegations arise out of the same conduct, transaction, or occurrence as her initial complaint; and that Defendant Boffo "should have known" this action would be brought against him. *Id.* at 5. Lastly, Plaintiff's Response attempts to plead a public policy argument that the Defendants should not receive the benefit of dismissal based on relation back for concealing Defendant Boffo's identity. *Id.* at 7. Contrary to Plaintiff's incorrect allegations, Defendant Boffo's name and identity was included on reports and documents regarding the incident, records that were available and produced to Plaintiff, thus all of her bases to grasp at the opportunity for relation back simply fail.

    A. <u>Defendant Boffo should Not have known this action would be brought.</u>

Plaintiff presumes that Defendant Boffo "should have known" this action would be brought against him because of his interrelationship with the previous, incorrectly named defendant, Boeriu, and simply by having "notice" based on the fact he gave a statement to COPA about the incident. *See* ECF Dkt No. 37 at 6. Plaintiff's first argument based on the defendants' interrelationship is not supported by the evidence- the names of "Ioan Boeriu" and "Roy Boffo" are hardly similar; their ages and physical appearances are not similar; nor are their ranks or responsibilities within the Chicago Police Department ("CPD"). The "interrelationship" Plaintiff alleges merely is their same employer, although, by the time Defendant Boffo was named in the SAC, he was retired from CPD. *See id.* at 6-7.

However, taking the facts in the light most favorable to the plaintiff, as she alleges COPA did not communicate with her as to the status of their investigation, it could easily be presumed that Defendant Boffo was also not apprised of the status of their investigation either. *See id.* at 3. Additionally, the investigation's findings were in favor of Defendant Boffo and not Plaintiff, thus, why should he have known he would be the subject of a federal civil rights lawsuit? Unless Plaintiff intends to set the standard that any and all civilian complaints against Chicago Police personnel have

2

a rightful correlation to filed civil lawsuits, regardless of their basis merely because they were informed of a pending investigation. Alas, such would be a public policy argument for Plaintiff to defend on another day. Weakening Plaintiff's public policy argument further is the fact that Defendant Boffo did not actively conceal his identity.. *See* ECF Dkt. No. 37 at 7-8. Defendant Boffo did complete a Tactical Response Report, which was produced to Plaintiff in August 2021 [prior to her filing her SAC *or* her Response], under FCRL 244-262, as well as under FCRL 416-422. Lastly, Plaintiff's grasp for relief that the City knew Defendant Boffo was the proper defendant instead of Boeriu simply by who COPA interviewed, is not at the fault of Defendants – it is the Plaintiff's burden to show that there's at least a reasonable inference that the named party is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By Plaintiff alleging officer Boeriu was the specific individual who committed misconduct violating her rights, the Defendants had no legal obligation correct Plaintiff. Thus, it is not reasonable to infer Defendant Boffo had the expectation to be subject to this civil action, nor that it is in the interest of public policy to presume so and enforce such precedent and standard here.

    B. <u>Plaintiff's Response Supports that the "Mistake" clause does not apply</u>.

Plaintiff's Response relies on the conclusion that "Boeriu" was a "mistake" prior to naming Defendant Boffo. Plaintiff wrongly analogizes *Krupski v. Costa Crociere S. p. A.*c, in concluding that Defendants contributed to Plaintiff's misnaming of the proper defendant initially. *See* ECF Dkt. No. 37 at 9-10. As previously argued and identified, Defendant Boffo did not fail to complete required paperwork that connected him to the incident involving Plaintiff as alleged—Plaintiff has chosen to ignore these facts. Plaintiff's actions are simple—she chose to specifically name "Officer Burrow" in her initial filing, [ECF Dkt. No. 1], and then again chose to name officer "Ioan Boeriu" when she amended her complaint [ECF Dkt. No. 10], thus Plaintiff made these specific, informed decisions – she never relayed, alluded to, or claimed that she had made a mistake. Plaintiff states her case is distinguishable from *Hall v. Norfolk Southern Railway Co.*, because she (1) did not always know the

name(s) of the defendant(s), and (2) that she *did* know who was liable for her injuries. *See* ECF Dkt. 37 at 10; *compared to* 469 F.3d 590 (7th Cir. 2006). Plaintiff has just contradicted herself by claiming she always knew who was liable for her injuries, yet did not name the proper defendant until her third pleading. Plaintiff cannot claim both that (1) she did not make a "fully informed decision" to distinguish from *Krupski,* and that (2) she always knew who was liable for her injuries.

In fact, Plaintiff admits the challenges they faced obtaining Defendant Boffo's identity from COPA, however, Plaintiff was arrested and detained at the location she alleges occurred. *See* ECF Dkt. No. 37 at 2. Plaintiff made the COPA complaint and gave the statement. *Id.* The knowledge, information, and documents related to *her* claims and allegations were equally if not more readily available to Plaintiff. Despite these facts, Plaintiff specifically filed her initial Complaint naming "Officer Burrow" and then again chose to name defendant Ioan Boeriu. ECF Dkt. No. 37 at 2-3; *see also* ECF Dkt. Nos. 1; 10. As much as Plaintiff attempts to challenge this, *Hall* specifically does conclude that plaintiff's failure to name the proper party due to their ignorance or misunderstanding is <u>*not*</u> a mistake. *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006). By not naming Defendant Boffo until the SAC, sufficiently after the statute of limitations had run on her claims, Plaintiff <u>*cannot*</u> claim she knew who caused her injuries before the statute of limitations had run. *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) ("We do not permit relation back… where the plaintiff simply did not know who to sue.").

Plaintiff's amendments to Defendants does not constitute a "mistake" under Rule 15(c), thus her SAC cannot relate back, and must be dismissed.

**II.     Plaintiff has not shown Equitable Tolling or Estoppel in her favor.**

As a last resort, Plaintiff argues that she qualifies for equitable tolling and equitable estoppel. *See* ECF Dkt. No. 37 at 10-11. Plaintiff alleges her claims are equitably tolled because she pursued her rights diligently and extraordinary circumstances prevented her from bringing a timely action. *See* ECF

4

Dkt. No. 37 at 11-14; *see also Sparre v. United States Dep't of Lab.*, 924 F.3d 398, 402-03 (7th Cir. 2019) (it is the plaintiff's burden to show she "diligently pursued the claim and some extraordinary circumstances prevented [her] from filing [her] complaint within the statute of limitations."). In the alternative, Plaintiff seeks relief by equitable estoppel based on the "Defendants' wrongdoing" by "deceptively concealing his identity." *See* ECF Dkt. No. 37 at 14. As discussed above, and further below, Plaintiff has not met her diligence burden and the Defendants did not interfere with her untimely filing, thus equitable tolling and estoppel do not apply to Plaintiff.

### A. Equitable Tolling does not apply because Plaintiff was Not acting diligently.

The allowance and application of equitable tolling is rare. See *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."). Thus, Plaintiff has not met her burden. Plaintiff's assertion that the statute of limitations is an affirmative defense that she does not have to negate, does not justify her untimely filing of her claims against Defendant Boffo. *See* ECF Dkt. No. 37, at 11. Plaintiff's claimed "extraordinary circumstances" include her previous communications and attempts to ascertain legal representation, and the allegation that Defendant Boffo concealed his identity by *not* completing a Tactical Response Report ("TRR"). *See id* at 13-14. However, these arguments do not support her plea for equitable tolling because they are frankly inaccurate – Defendant Boffo *did in fact* complete a TRR, and other related reports, including his name associated with the incident pertinent to Plaintiff's Complaint. TRR records were disclosed to Plaintiff under FCRL 244-262, as well as under FCRL 416-422, on August 20, 2021, as well as additional reports regarding the incident indicating Defendant Boffo's identity, (including but not limited to: Case Report RD# JC222748, Report of Extraordinary Occurrence, Summary Report of Investigation, etc., produced as FCRL 365-366; 380-381; 382-389). Defendants fail to understand how this supports Plaintiff's claim that she was diligent or that extraordinary circumstances stood in her way of filing suit. If anything, waiting until Defendant City produced documents to Plaintiff near

5

two and a half years after the incident she alleges violated her rights so harshly, reflects a deliberate choice on her part to delay the filing of this lawsuit, which is the antithesis of due diligence. Nor does it qualify as an extraordinary circumstance. See *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (extraordinary circumstances are circumstances that are "far beyond the litigant's control"). Thus, Plaintiff's allegation that Defendants withheld Defendant Boffo's identity for her to timely ascertain the proper party's identity is wholly inaccurate.

Plaintiff's main argument is that extraordinary circumstances stood in her way of timely filing her claims against Defendant Boffo because she relied upon assurances by prior legal representation and COPA's lack of correspondence with her. *See* ECF Dkt. No. 37 at 12-14. According to Plaintiff, she was only able to identify Defendant Boffo after reviewing Defendants' documents produced pursuant to Rule 26(a). She asserts that she was diligently pursuing her rights by communicating with a prior legal counsel, and that the extraordinary circumstance of the Defendant City withholding Defendant Boffo's identity are sufficient to support equitable tolling. *See* ECF Dkt. No. 37 at 12-13. Defendants disagree.

To the extent Plaintiff claims that she sufficiently relied on prior legal advice of counsel, thus she was pursuing her rights diligently, Defendants decline to agree that minimal communication with a legal representative is sufficient. *See Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons); *see also Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); and *Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003) (attorney negligence is not a ground for equitable tolling).

Plaintiff merely states she made initial contact with an attorney on May 15, 2020, emailed them on July 27, 2020, and that on November 13, 2020, they advised Plaintiff they would review her records.

6

*See* ECF Dkt. No. 37 at 3. Plaintiff alleges February 5, 2021 was the first time this firm advised they had yet to agree to represent her. *Id.* Plaintiff then waited 19 more days to follow up before being notified on March 29, 2021, they would not take her case. *Id.* Plaintiff thus begs that she was diligent to obtain legal representation for her claims and reasonably relied on those interactions that they would timely file her claim, and that she should not be penalized on behalf of the prior legal representations. *Id* at 3; 13. What Plaintiff excludes are the substance of those communications and interactions in favor of her "diligence" – Plaintiff excludes the specifics or contents of her communications on May 15, 2020 and July 27, 2020. *See id.* Plaintiff has also been silent as to her efforts to "diligently pursue her rights" from the date of incident (April 13, 2019), up until her first attempt to contact this law firm on May 15, 2020. Plaintiff seemingly admits that she was *not* diligent for over a year following the incident to obtain legal representation. Additionally, Plaintiff dwarfs the significance of her February 5, 2021 communication with the law firm when they notified her that they would review her records. *Id.* Plaintiff's actions do not include searching or reaching out to alternative representation, nor following up for near 20 days to the current law firm. *Id.* Subsequently, Plaintiff filed her Complaint on April 12, 2021, the date the statute of limitations ran on her claims. *See* ECF Dkt. No. 1. Plaintiff's reliance on communications with prior legal counsel do not establish a basis for equitable tolling. *See Montenegro,* and *Modrowski,* supra.

Finally, Plaintiff complains that the City withheld Defendant Boffo's identity from her until documents were produced by Defendants in their initial disclosures, by Defendant Boffo not completing proper forms/reports, and COPA's lack of communication with her in regards to her complaint. *See* ECF Dkt. No. 37 at 12-14. This fact does not establish an equitable tolling defense to the statute of limitations claim. See *Gieringer v. Silverman,* 731 F. 2d 1272, 1278 (7th Cir. 1984) (noting that "plaintiffs fundamentally misconstrue" the doctrine of equitable tolling by asserting that discovery was needed to demonstrate some fraudulent action by the defendant); *Cada v. Baxter*

7

*Healthcare Corp.,* 920 F. 2d 446, 452 (7th Cir. 1990) (equitable tolling "does not require any conduct by the defendant."); *Green v. Meeks*, 20-CV-00463-SPM, 2021 WL 2661508, at *4 (S.D. Ill. June 29, 2021) (even if defendants did not inform the plaintiff of the "dire nature of his health," this fact does not establish an equitable tolling defense to the statute of limitations claim).

In any event, this basis is plainly inaccurate -- COPA also sent letters communicating with Plaintiff regarding her complaint about the pertinent incident on the following dates: October 29, 2019, February 20, 2020 and April 20, 2020, all sent sufficiently before the statute of limitations had run. Copies of these letters were also produced by Defendants to Plaintiff in August 2021 pursuant to Rule 26(a) disclosures, under FCRL 296, 263 and 265 respectively, meaning at the time of Plaintiff's Response, they were aware of these COPA correspondences to Plaintiff, contrary to her argument. *See* ECF Dkt. No. 37 at 13. Further, in May of 2019, Plaintiff participated in a recorded statement to COPA about the incident and her related allegations where she met in person, COPA personnel to discuss her complaint regarding Defendant Boffo. Documentation confirming this was also produced to Plaintiff by Defendants in August 2021. Most significantly, Plaintiff fails to address her *lack of effort* to obtain these documents or information timely. There is no record of her having submitted a FOIA request or any other request seeking the identity of the officer who allegedly violated her rights.

In sum, equitable tolling is granted "sparingly" and only where "[e]xtraordinary circumstances far beyond the litigant's control must have prevented the timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). This case does not present one of those extraordinary circumstances where timely suit was impossible. Plaintiff wrongly and inaccurately claims she had an irremediable lack of information caused by the Defendants and that she relied on sparse information and communication by prior legal counsel. *See* ECF Dkt. No. 37 at 13. As such, the doctrine of equitable tolling does not save her claim.

    **B. Plaintiff should not be entitled to Equitable Estoppel**

Plaintiff alleges equitable estoppel should apply because the Defendant(s) took active steps in deceptively concealing Defendant Boffo's identity, and again, accusing Defendant Boffo of not completing a Tactical Response Report per Department General Order. ECF Dkt. No. 37 at 14. As discussed above, this is wholly inaccurate.

"Estoppel against pleading the statute is limited to cases in which the defendant's conduct or representations were directed to the very point of obtaining the delay of which he seeks to take advantage." *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992) (internal citations omitted). This Circuit applies equitable estoppel in limited circumstances, requiring a "" 'a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations' " and " 'evidence of improper purpose on the part of the defendant and the defendant's actual or constructive knowledge of the deceptive nature of its conduct.' "" *Id.* at 841, (citing to *Aungst v. Westinghouse Elec. Corp.,* 937 F.2d 1216, 1225 (7th Cir.1991). To successively prove estoppel, the plaintiff is required to show the defendant's conduct was improper, and that she was thus harmed by such conduct. *Id.* at 840, (internal citations omitted). The Plaintiff has not proven that Defendants specifically took action to prevent Plaintiff from timely filing her claims against Defendant Boffo by the date the statute of limitations ran, April 13, 2021, in that he did complete the reports Plaintiff alleges he did not.

In the case cited by Plaintiff in her Response, *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001), the Court concluded that Shropshear did *not* in fact qualify for equitable tolling because he was not diligent, in that he waited a year a year to inquire whether the suit was filed. *Shropshear, 275 F.3d at 595*. Similarly here, our Plaintiff, according to her facts as plead, made her first contact with an attorney regarding her claims on May 15, 2020, more than one year after the incident happened, and leaving less than a year until the limitations period ran. *See* ECF Dkt. No. 37 at 3. Additionally, *Shropshear* is not applicable in our matter, as in *Shropshear,* equitable estoppel also did not apply to the plaintiff because he argued his own lawyer (not in privity with the City), concealed his

9

claim by misrepresenting to him that they would timely file suit on his behalf. *Shropshear, 275 F.3d at 597*. Such is *precisely* what Plaintiff Hollis is claiming- that her prior legal counsel represented to her understanding they were taking her case, which in turned delayed the actual filing of this lawsuit! *See* ECF Dkt. No. 37 at 3. Thus, applying *Shropshear,* Plaintiff does not qualify for the benefit of equitable estoppel.

### III. Indemnification is not a claim, but a legal basis for recovery.

Indemnification is not a claim substantiating a violation against the Plaintiff's rights, instead it is a theory of recovery if liability is determined. The indemnification provision does not create direct liability on the part of the City or its employees, but creates liability on the City to indemnify after a judgment has been recovered against an employee. See *Arnolt v. City of Highland Park*, 52 Ill. 2d 27 (1972); *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 107 (1982). Thus, indemnification, Count II, is not a valid claim against Defendants, and should be dismissed with prejudice.

### CONCLUSION

In conclusion, Plaintiff's Fourth Amendment claim of excessive force is barred by the applicable two-year statute of limitations and should be dismissed with prejudice, because the Second Amended Complaint does not relate back, and Plaintiff does not qualify for equitable tolling. Defendants respectfully request the Second Amended Complaint to be dismissed with prejudice.

Respectfully submitted,

*/s/ Emily R. Bammel*
Emily R. Bammel
Assistant Corporation Counsel

Gregory Beck, Assistant Corporation Counsel Supervisor
Emily Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420

Chicago, Illinois 60602
312.744.3982 (Phone)
Attorney No.: 6323600
Emily.Bammel3@cityofchicago.org
**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

      I, Emily Bammel, hereby certify that I caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT,** causing it to be delivered by electronic means to the person named above at the address shown this __22nd__ day of December, 2021.

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
(708) 797-3066
daniel@first-defense.org

                                                    */s/ Emily R. Bammel*

                                                    Emily R. Bammel
                                                    Assistant Corporation Counsel