UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, | |
| Plaintiff, | No. 21 C 1956 |
| v. | Judge Thomas M. Durkin |
| THE CITY OF CHICAGO and ROY BOFFO, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Desiree Hollis alleges that Chicago Police Officer Roy Boffo used excessive force against her when she was in custody after an arrest. Boffo moves to dismiss the claim as untimely. R. 35. That motion is granted.

## Background

On April 13, 2019, Hollis was arrested for allegedly resisting arrest. She was taken into custody but was told that she would soon be released on a personal recognizance bond. She fell asleep while waiting in a holding cell handcuffed to a bench. When she awoke several hours later, she became distressed and anxious because she had not been released, and she told the officers she needed to go to the hospital. Her distress increased and she ripped her shirt and attempted to tie it around her neck. Several officers entered the cell and re-fastened both her handcuffs (presumably only one hand had been cuffed to the bench) to prevent Hollis from harming herself.

After Hollis had been handcuffed, Boffo punched her in the face. He then grabbed her leg and "began applying significant pressure, forcing her knee into an unnatural position causing great pain and . . . fear that her leg would break." R. 29 ¶ 19. Boffo released Hollis only when another officer told him to stop because it looked like Boffo might break Hollis's leg. *Id.* ¶ 20.

Hollis filed this case on April 12, 2021, one day before the two-year statute of limitations expired. However, at that time Hollis did not know that "Roy Boffo" was the name of the officer who hit her. So, she named "Officer Burrow (# unknown)" as the defendant, based on a phonetic spelling as she remembered it. On May 21, 2021, Hollis amended her complaint to name "Ian Boeriu (# unknown)" as the defendant. *See* R. 10. The Court ordered initial disclosures by August 20, 2021, *see* R. 26, and with that information, Hollis amended her complaint again to name Roy Boffo as the defendant on September 12, 2021. *See* R. 29.

Hollis states in her brief that she "almost immediately made a COPA complaint" after the incident, *see* R. 37 at 2, but she does not make this allegation in her complaint and there are no documents in the record corroborating this assertion. Hollis also states in her brief that she "made her first contact with an attorney to pursue this action" on May 15, 2020, which was more than a year after the incident. *See* R. 37 at 3. She did not follow up with that attorney until July 27, 2020. On that day, she learned the attorney had left the firm, and she was not contacted by a different attorney from the firm until November 13, 2020, who told her that they would review her case. On February 5, 2021, the firm advised Hollis that they had

2

not yet agreed to take her case, but were still working on it. After a further "contact" on February 24, 2021, the firm told Hollis on March 29, 2021 that they would not take her case. Hollis was then apparently able to find her current counsel who filed this case.

## Analysis

### I.    Relation Back

Hollis does not dispute that she failed to name Boffo as a defendant until after the two-year statute of limitations had expired. She argues, however, that her claim relates back to the timely filing of her original complaint. Federal Rule of Civil Procedure 15(c)(1)(C) permits relation back of an amended complaint, where "the amendment changes the party or naming of the party against whom a claim is asserted," if the party received timely notice of the action, and the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Boffo does not argue that he lacked notice of Hollis's lawsuit, so he concedes that issue.

Relation back under Rule 15 requires Hollis to have made a "mistake concerning the proper party's identity." Hollis argues that she made a "mistake" as to Boffo's name and so relation back under Rule 15 is appropriate. The problem with this argument is that Hollis was aware of her lack of knowledge of her intended defendant's name. According to the Seventh Circuit, "inadequate knowledge constitutes a "mistake" for purposes of Rule 15 only when the plaintiff takes a "wrong action" based on that lack of knowledge. *See Herrera v. Cleveland*, 8 F.4th 493, 498

3

(7th Cir. 2021), *cert. denied,* No. 21-771, 2022 WL 892109 (U.S. Mar. 28, 2022). In these circumstances, a "wrong action" usually means the plaintiff sues the wrong person or entity. This is what happened in *Krupski v. Costa Crociere*, where the Supreme Court found a mistake permitting relation back under Rule 15. *See* 560 U.S. 538 (2010).

By contrast, here Hollis was aware that she didn't know the identity of her intended defendant, and unlike the plaintiff in *Krupski*, Hollis did not mistakenly caption her case with the wrong name. She intentionally captioned the case with the best information she had, which was a phonetic spelling of the name of her intended defendant. But from the moment she filed the complaint (indeed even before she filed the complaint), Hollis knew she needed to investigate and discover the accurate identity of her intended defendant. Hollis didn't use the "John Doe" caption, but her use of the phonetic spelling, along with noting that the officer's badge number was "unknown," was the functional equivalent of "John Doe" pleading. It was a place holder until Hollis could identify the correct name. And the Seventh Circuit has repeatedly held that "John Doe" pleading does not constitute a mistake for purposes of Rule 15. *See Herrera*, 8 F.4th at 497 ("Our circuit has long adhered to this 'John Doe rule.'").

Hollis was aware from the outset that she didn't know Boffo's identity. Her pleading using an attempted phonetic spelling was not a "mistake," but a tool to enable her to file a complaint with incomplete information. Unfortunately for Hollis, Rule 15 does not provide a mechanism for tolling the statute of limitations while a

plaintiff works to discover the identity of their defendant. Therefore, Hollis's complaint is untimely.

## II.    Equitable Tolling

Although Rule 15 does not include a tolling provision, courts have the power to equitably toll the statute of limitations "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021); *see Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (noting that equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct"). "It is the plaintiff's burden to show he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Herrera*, 8 F.4th at 499.

Hollis argues that she "diligently pursued her rights by contacting attorneys almost a year before her statute of limitations [sic], and reasonably relied on her interactions with those prior attorneys to understand that her claim would be timely filed." R. 37 at 13. Putting aside the fact that Hollis waited a year to begin contacting an attorney, it is understandable, to a certain extent, that Hollis followed the lead of the attorneys she contacted until it was too late. When a legal professional represents to a lay person that they are considering their case, it is not wholly unreasonable to wait for the promised response.

But while Hollis's decisions are understandable, *diligence* entails a more active pursuit of legal rights. With no answer forthcoming from the attorneys she had

contacted, Hollis needed to find another avenue for pursuing her claims, including potentially filing the complaint herself. It is not uncommon for plaintiffs to file excessive force claims pro se in this District. Lack of enthusiasm from the attorneys she contacted does not constitute an "extraordinary circumstance" that "prevented" a timely filing. It was certainly an obstacle, and a disappointing and frustrating one at that. But it was not insurmountable by any means, so it is not the kind of circumstance that justifies tolling the statute of limitations.

## III. Equitable Estoppel

Hollis argues that Defendants should be estopped from relying on the statute of limitations because she contends that the City knew that Boffo was the correct defendant but "declined to provide this information to [Hollis] until initial disclosures." R. 37 at 3. Hollis also alleges that Boffo "concealed his involvement in the incident in violation of CPD's own policies," and argues that "as a matter of public policy, it would be unconscionable to permit a city to effectively shield itself from legal liability by concealing officers' names and this dismiss lawsuits against the city because its residents do not have the ability to ascertain a public officer's identity." R. 37 at 7.

This policy statement has the Court's sympathy in the abstract. But it is not an accurate characterization of what happened in this case. For reasons discussed, Hollis waited until the last day of the limitations period to file her complaint. The Federal Rules of Civil Procedure imposed no disclosure obligation on the City until Hollis filed her complaint. But by that time, it was already too late for all intents and

purposes. Hollis also contends that "COPA failed to correspond with [her]," implying that it had some obligation to do so. *See* R. 37 at 14. But Hollis has not identified any obligation violated by COPA or any other City agency.

Equitable estoppel is appropriate when "the Defendant takes active steps to prevent the plaintiff from suing in time." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). But nothing other than her trouble finding legal representation prevented Hollis from filing her complaint sooner. And while federal litigation is not easy, Hollis always could have filed a complaint pro se. Once the complaint was filed, she could have prevailed upon the Court to force the City to disclose the identity of her intended defendant in an expedient manner. Which, again, is a common process in this District. Hollis's failure to take these steps is not the City's fault. Thus, equitable estoppel is not appropriate here.

## Conclusion

Therefore, Boffo's motion is dismiss [35] is granted. Hollis brought no claim for direct liability against the City, but sued it only for indemnification purposes. Thus, with Boffo dismissed from the case, the indemnification claim is dismissed as well.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: April 11, 2022