IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS, <br>                 Plaintiff, <br>    v. <br><br> THE CITY OF CHICAGO and CHICAGO POLICE OFFICER ROY BOFFO (# unknown), <br>                 Defendants. | Case No: 21-cv-1956 <br><br> Judge: Hon. Thomas Durkin <br><br> Mag. Judge: Hon. Jeffrey Cole <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Plaintiff Desiree Hollis, by and through her counsel at First Defense Legal Aid, and pursuant to Fed. R. Civ. P. 15(a)(2) and this Court's Order of May 3, 2022 (Dkt. 48), brings this Motion for Leave to File a Third Amended Complaint, **Exhibit 1**, and in support states as follows:

### INTRODUCTION

Plaintiff Desiree Hollis, after believing that a prior attorney would be filing this lawsuit for her, was faced with an impossible situation: filing a lawsuit without the precise spelling of the correct Defendant's name. This situation was the result of affirmative actions by City of Chicago agencies in withholding information about Officer Boffo's identity and involvement in her arrest. The Chicago Police Department and Civilian Office of Police Accountability did this by 1) misrepresenting the status of the investigation into Ms. Hollis' COPA complaint; 2) withholding a Tactical Response Report created by Officer Boffo; and 3) failing to communicate with Ms. Hollis about the status of her investigation despite COPA's duty to do so under its authorizing law.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings before trial with leave of court and "the court should freely give leave where justice so requires." *Fed. R. Civ. P. 15(a)(2)*. District courts should "liberally grant" leave to amend where there is no undue prejudice to the opposing parties. *Sides v. City of Champaign,* 496 F.3d 820, 825 (7th Cir. 2007)

1

(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984) (Noting that a court's discretion alone is insufficient reason); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 748, 597 (5th Cir. 1981). At this early stage, prior to significant discovery or trial preparation, the proposed changes would not cause any prejudice to defendant. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004).

This motion is brought for no improper purpose, and granting it would further the interests of justice by allowing the Court to conceive and consider the entirety of the facts relevant to the suit and by not allowing the City to shield itself from liability by concealing its agents' identities.

## ARGUMENT

**I. PLAINTIFFS ARE NOT REQUIRED TO PLEAD AROUND AFFIRMATIVE DEFENSES, SUCH AS A STATUTE OF LIMITATIONS DEFENSE, IN THEIR COMPLAINTS, JUSTIFYING LEAVE TO AMEND**

A plaintiff is not required to negate an affirmative defense in a complaint, including by establishing in the complaint that a doctrine such as equitable tolling or equitable estoppel should operate to delay a statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Ollins v. O'Brien*, No. 03 C 5795, 2006 WL 1519286, *3 (N.D. Ill. May 26, 2006) ("Because the Court can conceive of a set of facts upon which equitable tolling could apply to plaintiffs' false arrest claims, *Wallace* does not dictate the dismissal of such claims at this time.") (internal citations omitted). Consequently, "a limitations argument must await factual development." *Foss v. Bear Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005); *see also Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need not contain any information about defenses and may not be dismissed

for that omission.") Amendment is warranted because defenses to the defendants' arguments could apply to the facts of this case, and Plaintiff was not at the outset required to plead around a statute of limitations defense. She should now have this opportunity.

## II. EQUITABLE ESTOPPEL APPLIES BECAUSE OF DEFENDANT CITY'S ACTIONS

Equitable estoppel operates "...if the Defendant takes active steps to prevent the plaintiff from suing in time," and presupposes "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001).

This is precisely the situation before the Court. Here, multiple City agencies withheld information, concealed information, provided inaccurate information, or did not fulfill their legal duties. Independently and together, these actions hid from Plaintiff information that revealed Officer Boffo's identity as the officer who attacked her, preventing her from suing on time.

### 1. COPA's False Response to a FOIA Request Regarding Plaintiff Generates an Estoppel

COPA's March 2021 response to a FOIA request regarding Ms. Hollis' misconduct complaints against CPD officers stated that log number 2019-838, about this incident, was "PENDING" and that the identity of the accused officer was "unknown." **Exhibit 2,** Response to COPA FOIA Request. This is somewhat perplexing; after the Motion to Dismiss had been briefed, Plaintiff's counsel discovered, while comparing discovery materials to pre-suit investigation documents, that COPA in fact concluded its investigation 10 months earlier, on May 27, 2020. **Exhibit 3**, Summary Report of Incident, to be filed under seal.

3

Telling a bald-faced lie to an attorney investigating a civil case–that the identity of the officer involved in log number 2019-838 was unknown–is sufficient to establish that equitable estoppel is appropriate. Ms. Hollis' Proposed Amended Complaint outlines the inconsistency.

### 2. COPA's Lack of Communication with Ms. Hollis about her Misconduct Complaint Creates an Estoppel

COPA's implementing ordinance indicates that for investigations that take longer than six months to conclude, the agency is to inform complainants of the status every 60 days. CHICAGO MUNICIPAL CODE, 2-78-135 (2022). The City produced two such 60-day letters in its initial disclosures, but does not appear to have communicated further, nor did Plaintiff receive these letters. **Exhibit 4**, 60 Day Letters, to be filed under seal pending motion. As noted above, COPA was representing to Ms. Hollis that the investigation into her misconduct complaint was still pending nearly two years after it was made. Importantly, however, there is no indication that Plaintiff's counsel can see that COPA ever communicated the conclusion of the investigation to Ms. Hollis, and it similarly sent no additional 60-day letters as would be required based on the timeframe alleged in its FOIA response. COPA also did not respond to repeated attempts from Ms. Hollis to obtain updates on the status of her investigation. These failures, in contravention to COPA's statutory duty, left Ms. Hollis without the information needed to prosecute her case, with attorneys or without.

The Court noted in its opinion granting dismissal that Plaintiff's "policy statement [regarding concealment] has the Court's sympathy. . ." but did not go further because Plaintiff had "not identified any obligation violated by COPA or any other City agency". Dkt. 46. Such an obligation exists, and is noted in Plaintiff's proposed Third Amended Complaint.

### 3. CPD's Withholding of Officer Boffo's Tactical Response Report in Response a FOIA Request regarding Plaintiff Generates an Estoppel

4

A final reason equitable estoppel should apply here to obviate dismissal on statute of limitations grounds, and could be pleaded, is the City's response to a different FOIA request, this time via CPD. On December 7, 2020, CPD responded to a request for records from Ms. Hollis' former attorney, a request which by its plain language encompassed Tactical Response Reports documenting uses of force by Chicago Police Officers against Ms. Hollis. **Exhibit 5**, CPD FOIA response. Despite the fact that the FOIA request sought "any and all arrest reports, incident reports, background reports, and other associated reports as well as records… for Desiree Hollis…," CPD did not produce a TRR completed by Officer Boffo as a result of the events underlying the constitutional claim, stymieing efforts at identification of the culpable party.[1] This record obviously exists because it was produced to Plaintiff in discovery, and CPD further did not assert any exemptions from disclosure in its response to the FOIA request that would justify withholding. This act further justifies and necessitates the application of equitable estoppel principles to the present case, and supports the granting of leave for Plaintiff to file a Third Amended Complaint.

## CONCLUSION

Because COPA and CPD withheld critical information in response to FOIA requests (or provided materially false information in those responses), and because COPA failed to communicate with Ms. Hollis as required by law, Plaintiff prays, in light of the lack of prejudice to Defendants, the liberal standards for amending complaints, and the facts and arguments prevented herein, that the Court (1) grant Plaintiff Leave to File a Third Amended Complaint; and (2) Order any further or other relief that it deems proper and just.

Respectfully submitted,

/s/ Daniel Massoglia

---

[1] Plaintiff's Response to Defendants' Motion to Dismiss the Second Amended Complaint errantly stated that CPD had not produced a TRR for Officer Boffo in discovery. CPD failed to produce this TRR in response to a FOIA request. This confusion was an oversight and Plaintiff regrets the error.

5

*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

**CERTIFICATE OF SERVICE**

I, Daniel Massoglia, hereby certify that I have caused this document to be served on all counsel of record on May 8, 2022 by filing it with the Clerk's CM/ECF system, which generates electronic notice to parties.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org