IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREE HOLLIS,<br>　　　　　　Plaintiff,<br>v.<br>THE CITY OF CHICAGO and CHICAGO POLICE OFFICER ROY BOFFO (# unknown),<br>　　　　　　Defendants. | Case No: 21-cv-1956<br><br>Judge: Hon. Thomas Durkin<br><br>Mag. Judge: Hon. Jeffrey Cole<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Desiree Hollis, by and through her undersigned counsel at First Defense Legal Aid, and pursuant to Federal Rule of Civil Procedure 59 (e), brings this Motion to Alter or Amend the Judgment dismissing her Second Amended Complaint (Dkt. 46-47), and in support thereof, states as follows:

### INTRODUCTION[1]

Plaintiff Desiree Hollis, after believing that a prior attorney would be filing this lawsuit for her, was faced with an impossible situation: filing a lawsuit without the precise spelling of the correct Defendant's name. The absence of this critical information was a result of affirmative actions by City of Chicago agencies, namely the Civilian Office of Police Accountability and Chicago Police Department, in withholding information about Officer Boffo's identity and involvement with her April 13, 2019 arrest. These agencies of Defendant City did this by 1) misrepresenting the status of the investigation into Ms. Hollis' COPA complaint in a March 2021 FOIA response to Plaintiff's former attorney; 2) withholding a Tactical Response Report created by Officer Boffo from Plaintiff's

---

[1] Plaintiff has separately filed a Motion for Leave to File a Third Amended Complaint, Dkt. 49, pursuant to this Court's Order of May 3, 2022, Dkt. 48. In recognition of the timeframe of Rule 59(e) motions, and to preserve her appellate rights under Fed. R. App. P. 4(A)(iv), Plaintiff timely files this motion now within 28 days of entry of judgment in the event that consideration of Dkt. 49 does not "pause the clock" on filing a potential Notice of Appeal. Plaintiff respectfully notes that the Court, at its election and discretion, may postpone briefing on this Motion while it considers Dkt. 48.

1

former attorney in response to a separate FOIA request; and 3) failing to communicate with Ms. Hollis about the status of her investigation despite COPA's clear duty to do so under its implementing and authorizing ordinance.

The Court dismissed Plaintiff's Second Amended Complaint on April 11, 2022, but did so prematurely because a Plaintiff is not required to plead around an affirmative defense by including, for example, all facts that generate equitable estoppel. Plaintiff's counsel further newly discovered material inconsistencies, misrepresentations, and omissions following briefing on the Motion to Dismiss, facts which also support alteration or amendment of judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A party may bring a Rule 59(e) motion to "ask a district court to reconsider its judgment and correct errors of law." *U.S. Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980). Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985); *see also Baicker-McKee, Janssen & Corr*, FEDERAL CIVIL RULES HANDBOOK, p. 915 (2004) ("There are four grounds to justify altering or amending a judgment under Rule 59(e): "(1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice.")

## ARGUMENT

The Court's entry of judgment is ripe for alteration or amendment on two primary grounds: first, because judgment is premature as a matter of law under applicable pleading standards with regard to negating affirmative defenses and the existence a of duty by Defendant City to Ms. Hollis as a COPA complainant; and second, as Plaintiff's counsel, subsequent to the briefing of the motion,

newly discovered inconsistencies in representations made by Defendant City's Civilian Office in Police Accountability and Chicago Police Department to Plaintiff's former counsel.

I. **PLAINTIFFS ARE NOT REQUIRED TO PLEAD AROUND AFFIRMATIVE DEFENSES, SUCH AS A STATUTE OF LIMITATIONS DEFENSE, IN A COMPLAINT, AND DISMISSAL WAS IN ERROR**

A plaintiff is not required to negate an affirmative defense in a complaint, including by establishing in the complaint that a doctrine such as equitable tolling or equitable estoppel should operate to delay a statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

As the 7th Circuit has noted, "a limitations argument must await factual development." *Foss v. Bear Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005). "Complaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see also Ollins v. O'Brien*, No. 03 C 5795, 2006 WL 1519286, *3 (N.D. Ill. May 26, 2006) ("Because the Court can conceive of a set of facts upon which equitable tolling could apply to plaintiffs' false arrest claims, Wallace does not dictate the dismissal of such claims at this time.") (internal citations omitted).

The ruling on Defendants' Motion to Dismiss is premised on the application of the affirmative defense of the statute of limitations, including conclusions regarding the operation or non-operation of equitable tolling and equitable estoppel. Because "equitable estoppel and equitable tolling are doctrines that stop a statute of limitations from running," and may apply here, dismissal was thus unwarranted at this stage. *Anguilo v. U.S.*, 867 F.Supp.2d 990, 1000 (N.D. Ill. 2012); *see also Xechem Inc. v. Bristol-Meyers Squibb Co.*, 372 F.3d at 901; *Ollins v. O'Brien*, No. 03 C 5794, 2006 WL 1519287 at *3.

Ultimately, Plaintiff quite simply was not required to include every fact regarding equitable tolling and equitable tolling in her Complaint, and a review of the law regarding dismissal for the absence of these facts in her Complaint supports alteration or amendment of judgment.

**II.  NEWLY DISCOVERED EVIDENCE INDICATES THAT DISMISSAL WAS UNWARRANTED DUE TO THE APPLICABILITY OF EQUITABLE ESTOPPEL PRINCIPLES TO THE MATTER**

Plaintiff's counsel, subsequent to the briefing of the motion and upon review of discovery materials and pre-suit investigation documents compiled by Plaintiff's prior attorney, discovered material inconsistencies and falsehoods in the representations made by the City to Ms. Hollis' former attorney prior to her filing suit.

As noted in Section I, *supra*, dismissal due to an affirmative defense is unwarranted at the motion to dismiss stage when exceptions to defendants' limitations arguments may be applicable. Equitable estoppel comes into play "...if the Defendant takes active steps to prevent the plaintiff from suing in time," and presupposes "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001).

This is precisely the situation before the court. Here, multiple City agencies withheld information, concealed information, and provided inaccurate information. Independently and together, these actions hid from Plaintiff's view information that revealed Officer Boffo's identity as the officer who attacked her. These actions directly prevented Plaintiff from timely filing a complaint properly naming the correct defendant.

    **A. COPA's False Response to a FOIA Request Regarding Plaintiff Generates an Estoppel**

Documentation presented by COPA to Ms. Hollis' former attorney via FOIA and to her present counsel in discovery, upon comparison by her present counsel following briefing in the

matter, illustrates a shocking discrepancy in the City's representations to Ms. Hollis or her representatives regarding Officer Boffo.

A March 23, 2021 response to a Ms. Hollis' former attorney's FOIA request regarding Plaintiff's COPA complaints stated that log number 2019-838, about this incident, was "PENDING" and that the identity of the accused officer was "unknown." **Exhibit 1,** Response to COPA FOIA Request. But, as Plaintiff discovered while comparing discovery materials to pre-suit investigation documents after the Motion to Dismiss had been briefed, COPA in fact concluded its investigation 10 months earlier, on May 27, 2020. **Exhibit 2**, Summary Report of Incident, to be filed under seal due to a protective order in place in this matter upon grant of her accompanying Motion for Leave to File Documents under Seal.

Telling a bald-faced lie to an attorney investigating a civil case–that the identity of the officer involved in log number 2019-838 was unknown–is sufficient to establish that equitable estoppel is appropriate. Because of this newly discovered information, the Court should set aside its prior judgment and reconsider its decision.

### B. CPD's Failure to Provide a Tactical Response Report in Response a FOIA Request Regarding Plaintiff Generates an Estoppel

Another reason equitable estoppel should apply here to obviate dismissal on statute of limitations grounds is a response to a different FOIA request, this time from CPD. On December 7, 2020, the Chicago Police Department responded to a FOIA request made by Plaintiff's prior attorney. By its plain language, this request encompassed Tactical Response Reports documenting uses of force by Chicago Police Officers against Ms. Hollis. **Exhibit 3**, CPD FOIA response. The FOIA request sought "any and all arrest reports, incident reports, background reports, and other associated reports as well as records… for Desiree Hollis…." **Exhibit 3.** CPD did not then produce a TRR completed by Officer Boffo—a report associated with her arrest which it obviously possessed—

stymieing efforts at identification of the culpable party.[2] This further justifies and necessitates the application of equitable estoppel principles to the present case, and supports the granting of this Motion.

### III. COPA HAS A LEGAL DUTY TO COMMUNICATE WITH MS. HOLLIS DURING THE INVESTIGATION, CONTRARY TO THE COURT'S RULING, SUPPORTING ALTERATION OR AMENDMENT OF JUDGMENT

COPA's implementing ordinance indicates that for investigations that take longer than six months to conclude, the agency is to inform complainants of the status every 60 days. CHICAGO MUNICIPAL CODE, 2-78-135 (2022). The City produced two such 60-day letters in its initial disclosures, but does not appear to have communicated further, nor did Plaintiff receive these letters. **Exhibit 4**, 60 Day Letters, to be filed under seal due to a protective order in place in this matter upon grant of her accompanying Motion for Leave to File Documents under Seal.

As noted in Section II.A, *supra*, COPA was representing to Ms. Hollis that the investigation into her misconduct complaint was still pending nearly two years after it was made. A review of discovery materials, however, indicates that COPA, sent no additional 60-day letters as would be required based on its assertion via FOIA that the complaint was pending—not concluded—as late as March 2021. There is no indication that Plaintiff's counsel can see that COPA ever communicated the conclusion of the investigation to Ms. Hollis, and COPA also did not respond to repeated attempts from Ms. Hollis to obtain updates on the status of her investigation. These failures, in contravention to COPA's statutory duty, left Ms. Hollis without the information needed to prosecute her case, with attorneys or without.

The Court noted in its opinion granting dismissal that Plaintiff's "policy statement [regarding concealment] has the Court's sympathy. . ." but did not go further because Plaintiff had "not identified any obligation violated by COPA or any other City agency". Dkt. 46. Such an

---

[2] Plaintiff's Response to Defendants' Motion to Dismiss the Second Amended Complaint errantly stated that CPD had not produced a TRR for Officer Boffo in discovery. This was an oversight and Plaintiff regrets this error.

obligation, however, exists, and the City did not fulfill it. This provides additional grounds to grant the instant Motion.

## CONCLUSION

In sum, dismissal was unwarranted both as premature as a matter of law and in light of newly discovered evidence, and the Motion should be granted.

WHEREFORE, Plaintiff respectfully requests that this court reconsider its decision on Defendants' Motion to Dismiss and alter or amend the judgment of dismissal, and order any other such relief as is proper and just.

Respectfully submitted,

/s/ Daniel Massoglia
*One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

## **CERTIFICATE OF SERVICE**

I, Daniel Massoglia, hereby certify that I have caused this document to be served on all counsel of record on May 8, 2022 by filing it with the Clerk's CM/ECF system, which generates electronic notice to parties.

Respectfully submitted,

/s/ Daniel E. Massoglia

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

*One of Plaintiff's Attorneys*